**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | CA 06 143 ML |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a/ HOPE** | : | |
| **GLOBAL; NFA CORPORATION** | : | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Lorraine Femino submits this Complaint for Injunctive and Declaratory Relief. As grounds therefore, Plaintiff alleges as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 USC § 1331, the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.
2. Venue for this action is predicated upon 28 U.S.C.A § 1391, as the district in which the action is brought, where the actions arose, where the Plaintiff lives and experiences the actions.

## II. PARTIES

1. Plaintiff, Lorraine Femino, a citizen of the State of Rhode Island in the United States of America, plaintiff herein, pro se as a result of circumstances that have made it impossible for her to find adequate and conscientious legal counsel, and as a plan participant as defined under 29 USC § 1002 (7).
2. Defendant, NFA Corporation d/b/a/ Hope Global (hereafter Hope Global) as Plaintiffs employer from 1995 until the time of Plaintiffs disability in May, 2001, located at 50 Martin Street, Cumberland, Rhode Island 02864, Tel (401) 333-8990.
3. Defendant NFA Corporation (hereafter NFA Corp.) as the Plan Administrator and Plan Sponsor of the Group Disability Benefit DG-67020-RI provided to Hope Global employees and located at 850 Boylston Street, Suite 428, Chestnut Hill, Ma, 02467, Tel (617)-232-6060.
4. Dorothy Mattiello, in her capacity as Hope Global Human Resources Director, and as a "party in interest" as defined under 29 USC § 1002 (14) (a) located at 50 Martin Street, Cumberland, Rhode Island 02864.
5. Prudential Insurance Company of America, (hereafter Prudential) in a capacity as the Plan Provider, and as a "party in interest" as defined under 29 USC § 1002 (14) (a) located at 751 Broad Street, Newark, New Jersey, 07102.

## III. INTRODUCTION

1. Plaintiff files this complaint under the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101, et. seq., (" ADA"), and the Employee Retirement Income Security Act, 29 U. S. C. § 1001, et. seq. (" ERISA").
2. This complaint pertains to discrimination in the Group Disability Benefit DG-67020-RI (hereafter the plan) provided by plaintiffs employer Defendant, Hope Global, and the plan sponsor, Defendant NFA Corp. where plaintiff requests recovery of disability benefits payments due to a claim of disparate impact in the operation of the plan.
3. The complaint also pertains to violations of ERISA by defendant NFA Corp. for failure to provide requested plan documents to plaintiff in connection with this action.
4. The plan is operated by plan provider, Prudential.
5. Plaintiff did leave work due to a medical disability in May 2001.
6. Plaintiff remains disabled as defined within the meaning of the ADA having been determined by the Social Security Administration to be suffering from a life impacting and disabling medical impairment where plaintiff remains under the continuous and regular care of a doctor for this medical impairment.
7. Plaintiffs diagnosed medical impairment of fibromyalgia was determined over a period of 6 months using procedures standardly accepted in the medical field of Rheumatology conducted by 2 specialists in the field of Rheumatology as well as a doctor from the Social Security Administration.

8. The primary governing document of the plan being the Summary Plan Description (SPD) states that the plan does recognize a determination of a medical impairment using "procedures and clinical examinations standardly accepted in the practice of medicine" to verify a medical impairment.
9. Plaintiff has not at any time been examined by any medical professional on behalf of Prudential or defendants.
10. Title I of the ADA allows "disabled former employees to sue their former employers regarding their disability benefits so as to effectuate the full panoply of rights guaranteed by the ADA". *Ford v Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998).
11. 29 U.S.C. 1132 (a)(1)(B) provides that a plan participant be allowed to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"
12. Prudential claims that the denial of benefits beyond 2 years was based on terms and conditions of the plan limiting benefit payments to 2 years for plaintiffs illness based on interpretations of a Self Reported Symptoms rule (hereafter SRS rule) as contained in the plan.
13. Terms and conditions of the plan require that doctors medical evidence contained in a disability review be the primary basis for approval of disability claims beyond 24 months.
14. On information and belief, plaintiff claims that arbitrary policies contained in the plan were used to exclude reliable medical evidence from plaintiffs disability reviews and

the basis for denial of benefit payments beyond 24 months thus denying plaintiff the full enjoyment of the benefit from the plan as enjoyed by other employees who are allowed to submit doctors medical evidence.

15. Federal discrimination law forbids providing benefits of employment where discrimination would be "equivalent to a lower salary for the same work." *Quinones v. City of Evanston*, 58 F.3d 275, 278 (7th Cir. 1995).

16. The ADA, 42 U. S. C. § 12112(a) forbids discrimination against any individual with respect to employment compensation, including compensation in the form of benefits, due to arbitrary policies which discriminate based on an individual's disability.

17. Disability discrimination under Title I of the ADA is tested on the basis of the individual facing a substantial headwind to the full enjoyment of benefits of employment due to arbitrary policies which have the impact of limiting benefits due to a disability.

18. Section 501(c) of the ADA ends with a statement that the safe harbor provisions "shall not be used as a subterfuge to evade the purposes of subchapter I and III of this chapter."

19. Between the time plaintiff did file the EEOC complaint and the filing of this civil action, the Supreme Court did clarify a claimants rights to "recovery in "disparate impact" cases comparable to Griggs v [Duke Power]". 125 S. Ct. at 1540. See *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005).

20. Arbitrary policies and standards used for the purpose of testing and excluding reliable doctors medical evidence in advance of a disability review limits the enjoyment of benefits of employment in a disability welfare benefit thus becoming a violation of

the ADA and a claim of disparate impact comparable to *Griggs v. Duke Power Co.*, 401 U.S. 424, 432-33 (1971).

21. The purpose of the ADA is "to provide civil rights protections for persons with disabilities that are parallel to those available to minorities and women." H.R. Rep. No. 101-485, pt. 3, at 48 (1990).

22. On information and belief, plaintiff claims that a violation of disparate impact is only enforceable against plaintiffs employer and not against the plan provider, Prudential.

23. Plaintiff did receive a notice of right to sue from the EEOC under EEOC#16JA400282A dated December 30, 2005.

24. Plaintiff considers EEOC#16JA400282A to be related to CA 05-019ML due to common matter of law between both parties and having submitted a request to the Court to combine both cases, but was denied in a Memorandum an Order dated January 26, 2006 by Magistrate Judge Lincoln Almond.

## IV. STATEMENT OF THE CASE

1. In December 1994, Plaintiff was contacted directly by the President of NFA Corp d/b/a Hope Webbing, Bruce Hauser, with an offer of employment at NFA Corp d/b/a Hope Webbing.

2. Plaintiff did accept the offer of employment in February, 1995 based on a belief of receiving an improved benefits package as described to Plaintiff by senior management employees of NFA Corp. d/b/a Hope Webbing which did include a disability welfare benefit providing specific benefits payable until a normal retirement age.

3. Plaintiff did enroll in the plan effective on the date plaintiff became an employee of NFA Corporation d/b/a Hope Webbing in March, 1995.

4. Plaintiff remains a plan participant as defined under 29 USC § 1002 (7) from the time of enrollment until the present.

5. NFA Corporation d/b/a Hope Webbing did change the company name to NFA Corporation d/b/a Hope Global at a time around 1999.

6. Defendant NFA Corporation did implement a plan amendment to the plan in February 1999 which did result in material modifications to plan coverage but did not provide a Summary of Material Modification disclosing the modifications resulting from the amendment.

7. In May, 2001, Plaintiff stopped working due to a disabling physical illness.

8. Plaintiff did later submit proper and sufficient medical evidence from Plaintiffs doctors to Prudential to obtain disability benefits under the plan.

9. Prudential did initially deny the claim for benefits based on a determination of "insufficient evidence".

10. During the time Plaintiff was appealing the initial denial of benefits by Prudential, Plaintiff did have a telephone conversation with Hope Global Human Resources employee Linda Haddock (hereafter Linda Haddock) pertaining to Plaintiffs denial of benefits.

11. On this call, Plaintiff asked Linda Haddock why a similar type of claim was recently paid for another employee who did go out on permanent disability shortly before Plaintiff.

12. Linda Haddock stated that the employee in question had submitted benefits under the previous plan prior to the amendment, but that Plaintiff should expect that most claims are always initially denied, but later approved.

13. Prudential did later approve payments for Plaintiffs disability under two separate medical impairments covering two separate timeframes between December 2001 and November 2003.

14. Plaintiff had no reason to believe that benefits would be limited to 24 months given the scope of impairments Plaintiff was diagnosed with.

15. Throughout the duration of receiving benefits, Plaintiff did submit letters of inquiry to Prudential requesting clarification of policies supporting a basis for why Plaintiffs disability case was being determined to be two separate illnesses with benefits paid at separate times

16. Prudential did not provide clarification or requested documents explaining the basis as to why Plaintiffs claim was being separated as two claims in view of the combined illnesses plaintiff was suffering from.

17. On or about April 15, 2003, Plaintiffs numerous inquiries regarding the separation of Plaintiffs disability determinations became problematic to Prudential and in an effort to silence Plaintiff, Prudential did fabricate a false statement in a letter mailed to Plaintiff on or about April 15, 2003 stating that the combined illness issue was recognized, which by itself, did create in Plaintiff an understanding and belief that this matter would soon receive a proper review.

18. In a telephone call with Plaintiff in August of 2003 pertaining to Social Security Disability benefits, Prudential representative Christina Mooney did state to Plaintiff that at the next review, all matters would be covered.

19. On or about November 23, 2003, Plaintiff received notice of a termination of benefit payments.

20. Plaintiff later learned from Prudential that no such combined disability review ever took place in plaintiffs claim for continuation of benefits beyond 24 months.

21. Plaintiff did appeal the termination of benefits but the appeal was denied based on Prudentials claim that the limitations of the disability plan did not cover benefits beyond a 24 month period due to the SRS rule as contained in the plan.

22. Based on information and belief that provisions of the plan did violate plaintiffs rights as a disabled person, Plaintiff did file a complaint with the Rhode Island Commission for Human Rights (hereafter RICHR) on or about September 8, 2004.

23. RICHR did file an EEOC claim against NFA Corporation on Plaintiffs behalf under complaint number EEOC#16JA400282A

24. Plaintiff did seek assistance from the Hope Global Director of Human Resources, Dorothy Mattiello, and from the plan administrator on the matter of the policy provisions in the plan which did deny all medical evidence pertaining to fibromyalgia from being included in plaintiffs disability reviews, but did not receive any specific response on this matter from these persons.

25. Plaintiff was given information from the Hope Global Director of Human Resources, Dorothy Mattiello, and from the plan administrator, that the policies

being used by Prudential to deny benefits beyond 24 months were consistent with their understanding of the policy limitations under the plan.

26. In June 2005, plaintiff informed defendants that plaintiff was pursuing the EEOC complaint EEOC#16JA400282A on a claim of disparate impact based on the Supreme Court ruling in *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005).

27. On or about August 19, 2005, plaintiff was informed by RICHR that Prudential still had not responded to RICHR's request for plan documents pertaining to the plan in connection with the EEOC complaint.

28. At the time of this filing, Prudential has failed to provide to plaintiff or to RICHR requested written policies of the plan which allow the exclusion of plaintiffs doctors medical evidence from being included in any disability reviews.

29. At the time of this filing, Plaintiff has requested, but has not been provided, a copy of the plan contract.

## V. ARGUMENTS

The Supreme Court has examined the matter of inclusion of medical evidence in disability reviews and held "Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." *Black & Decker Disability Plan v. Nord* (02-469) 538 U.S. 822 (2003) (p 10, 11). Prudential has stated that contract provisions of the plan allow Prudential to exclude medical evidence submitted by plan participants doctors for certain disabilities from

being included in any disability review. Quoting H.R. Rep. No. 485(II) 101st Cong., 2d Sess. 59-60 (1990) an " `entity may not do through a contractual provision what it may not do directly".

29 CFR 2560.503-1(b)(5) – (Claims procedure) provides that "claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants".

Plaintiff received a determination by 2 medical doctors specializing in the field of Rheumatology confirming multiple physical disabling illnesses. Plaintiffs doctors did submit all supporting medical evidence to Prudential. Prudential did initially approve disability benefits for Carpal Tunnel Syndrome in 2002 and subsequently approved benefits for Fibromyalgia in 2003 keeping each determination separate. Prudential did use medical evidence for the Carpal Tunnel Syndrome but excluded all medical evidence pertaining to a diagnosis of Fibromyalgia from being included in any review. Prudential did exclude from all disability reviews all medical evidence of Plaintiff's Fibromyalgia symptoms without the use of contrary medical opinion or sufficient procedures standardly accepted in the practice of medicine to support the denial of plaintiffs medical evidence in all disability reviews.

The arbitrary application of the SRS rule did create a disparate impact against plaintiff where plaintiff had no medical evidence for the symptoms of fibromyalgia in any of plaintiffs disability reviews due to exclusion of this evidence by the SRS rule. The

plan requires that doctors medical evidence is the primary basis for approval of benefits in a disability review in order to receive benefits beyond a 24 month period.

A pre-qualification test used for the purpose of disqualifying doctors medical evidence from all disability reviews where the pre-qualification test is not sufficiently justified with proper standards creates a claim of disparate impact comparable to Griggs v. Duke Power Co., 401 U.S. 424, 432-33 (1971). The Supreme Court authorizes "recovery in "disparate impact" cases comparable to Griggs v [Duke Power]". 125 S. Ct. at 1540. See *Smith v City of Jackson*, 125 S Ct. 1536 (March 30, 2005).

42 U.S.C. § 12112(a) states. "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment". 42 § 12112 (b)(3) defines the term discriminate to include "utilizing standards, criteria, or methods of administration…(A) that have the effect of discrimination on the basis of disability"

Plaintiff did appeal to the plan administrator the issue of the exclusion of all of plaintiffs medical evidence for fibromyalgia in all of plaintiffs disability reviews but was not provided a response to this specific issue. Plaintiff did also request a copy of the plan contract from the plan administrator but was denied this request. ERISA Section 402, 29 U.S.C. § 1102 ("Establishment of plan"), requires that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument. Such instrument

shall provide for one or more named fiduciaries who jointly or severally shall have authority". A significant duty of the plan fiduciary is defined under 29 CFR 2560.503-1(h)(1) – (Claims procedure) being "[e]very employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan, and under which there will be a full and fair review of the claim and the adverse benefit determination". Based on information and belief, there is no fiduciary named in the plan.

Plaintiff has not received requested legal plan documents pertinent to this case. Complying with requests for documents defined under 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4) is the responsibility of the "plan administrator." Because ERISA §3(21)(A) provides that fiduciary responsibilities attach to plan administration, this means that requests for legal plan documents demand the highest standards of loyalty and honesty to plan participants. See, e.g., Donovan v. Bierwirth, 680 F.2d 263, 272 n.8 (2d Cir. 1982) (the fiduciary standard is the "highest known to the law"), Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec., 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities")

Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to discharge duties with respect to a plan solely in the interest of the participants and beneficiaries. The Duty of Loyalty requires an ERISA fiduciary "to communicate any material facts which could adversely affect a plan member's interests and is the core of a fiduciary's responsibility, animating the common law of trusts long before the enactment of ERISA". *Shea v. Esensten*, 107 F.3d 625 (8th Cir.1997).

## VI. CAUSE OF ACTION

1. NFA Corporation as the plan sponsor provided the disability welfare benefit plan without a named plan fiduciary thus violating ERISA Section 402, 29 U.S.C. § 1102 ("Establishment of plan"), which requires that "[e]very employee benefit plan… shall provide for one or more named fiduciaries who jointly or severally shall have authority".
2. By providing a disability welfare benefit plan without a named fiduciary, plaintiff was denied access to a plan fiduciary to assist in the matter of plaintiffs appeal thus violating 29 CFR 2560.503-1(h)(1) – (Claims procedure) which requires that "[e]very employee benefit plan shall establish and maintain a procedure by which a claimant shall have a reasonable opportunity to appeal an adverse benefit determination to an appropriate named fiduciary of the plan.
3. Defendant NFA Corporation having denied plaintiff access to requested legal plan documents defined under 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4) violates ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties"), which requires, in pertinent part, that "a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and ... (D) in accordance with the documents and instruments governing the plan ...."
4. Defendant Hope Global did induce plaintiff to take a job with Hope Global on a promise of benefits of employment that provided specific disability benefits of employment that were not in violation of the ADA, but did later change the disability benefit in 1999 to a plan that did violate provisions of the ADA without proper

notification to plaintiff in violation of ERISA Section 404, 29 U.S.C. § 1104 ("Fiduciary duties").

5. Defendant NFA Corp did engage Prudential to operate the plan in a manner where reliable doctors medical evidence for certain disabilities was disqualified in advance of a disability review at a substantially higher rate than for other disabilities through the use of arbitrary self reported symptoms rules and policies contained in the plan thus violating 42 U. S. C. § 12112(a) and 29 CFR 2560.503-1(b)(5).

6. NFA Corp did engage Prudential Insurance Company to operate the plan where such operation did deny Plaintiff the enjoyment of disability benefits beyond 24 months by using arbitrary policies and standards to disqualify all of plaintiffs doctors medical evidence pertaining to the illness fibromyalgia from being included in any of plaintiffs disability reviews thus violating 42 U. S. C. § 12112(a).

WHEREAS, Plaintiff prays that this Court:

1. Declare that the NFA Corporation disability welfare plan is in violation of the Title I of the Americans with Disabilities Act of 1990, 42 U. S. C. § 12112(a), by requiring that to receive plan benefits, medical evidence submitted by a plan participants doctor(s) must pass a pre-qualification test containing arbitrary standards and policies before such medical evidence is allowed into a disability review.

2. Declare that Defendant NFA Corporations disability welfare plan is in violation of the Title I of the Americans with Disabilities Act of 1990, 42 U. S. C. § 12112(a), by

engaging Prudential to operate in the plan an arbitrary pre qualification test of doctors medical evidence using arbitrary standards and policies which has the impact of denying plaintiff a similar disability review as is enjoyed by other employees who are allowed to submit doctors medical evidence into a disability review.

3. Declare that plaintiffs doctors medical evidence supporting a determination of a disabling medical impairment has not materially changed from the time plaintiff was last determined to be disabled and eligible for plan benefits in November 2003.

4. Declare that plaintiff was denied a full and fair review of plaintiffs case in advance of filing this civil action having been denied access to legal plan documents by defendant NFA Corporation in violation of 29 U.S.C. § 1104 ("Fiduciary duties").

5. Declare that plaintiff was denied a full and fair review of plaintiffs case in advance of filing this civil action having been denied the assistance from a named plan fiduciary in violation of 29 CFR 2560.503-1(h)(1) ("Claims Processing").

6. Order Defendant NFA Corporation to immediately provide plaintiff all requested legal plan documents.

7. Order Defendant NFA Corporation to reinstate to plaintiff all plan benefits as were provided to plaintiff at the time of the termination of benefits in November 2003.

8. Order that plaintiff recover all lost benefit payments not made from the time of benefit termination in November 2003, until such time that benefits are restored where such payment be paid as a lump sum payment to plaintiff.

9. Award such other legal and equitable relief as the Court may deem appropriate.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933