**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

As provided under Federal Rules of Civil Procedure, Rule 37, Plaintiff, respectfully requests assistance from the Court to compel defendant NFA Corporation to provide to plaintiff a true copy of the entire plan contract of the NFA Corporation disability welfare benefit plan. Plaintiff attaches a memorandum of law in this matter.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this _4_ day of August, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

As provided under Federal Rules of Civil Procedure, Rule 37, Plaintiff, as a plan participant in the NFA Corporation disability welfare benefit, respectfully requests assistance from the Court to compel defendant NFA Corporation in their capacity as the plan administrator of the NFA Corporation disability welfare benefit plan, to provide to plaintiff a true copy of the entire plan contract of the NFA Corporation disability welfare benefit plan defining all terms and conditions of a payable claim (hereinafter plan contract).

29 U.S.C. § 1024 (b) states "(2) The administrator shall make copies of the latest… contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants…(4) The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest… contract, or other

instruments under which the plan is established or operated". The plan administrator is required to have the contract "readily accessible" for plan participants at the "office of the plan administrator". See 29 C.F.R. 2520.104b-1(b)(3). See also *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities").

On information and belief, plaintiff alleges that NFA Corporation, in their capacity as the plan administrator, is aware that only a part of the plan contract has been provided to plaintiff. Plaintiff has made repeated written requests to obtain the missing parts of the plan contract. Defendants have refused to take reasonable action to obtain a true copy of the entire plan contract in spite of this Courts June 6, 2006 notice to exchange documents. Under 29 U.S.C. § 1104 (a)(1), plan fiduciaries are required to discharge duties with respect to a plan solely in the interest of the participants and beneficiaries. The Duty of Loyalty requires an ERISA fiduciary "to communicate any material facts which could adversely affect a plan member's interests and is the core of a fiduciary's responsibility, animating the common law of trusts long before the enactment of ERISA". *Shea v. Esensten*, 107 F.3d 625 (8th Cir.1997).

Plaintiff is unable to perfect the claims in the instant case without having the entire plan contract and thus denial of the plan contract is interfering with plaintiffs rights to complete this EEOC complaint. 42 U. S. C. § 12203 (b) Interference, states in pertinent part; "It shall be unlawful to … interfere with any individual in the exercise … of, any right granted or protected by this chapter." Plaintiff alleges that rights to plan documents enjoyed by other plan participants are being denied to plaintiff because

plaintiff has filed this EEOC complaint. Plaintiff bases this allegation on the fact that NFA Corporation, in their capacity as the plan administrator, have refused to take any reasonable steps to obtain a true copy of the entire plan contract from the plan provider, Prudential Insurance Company of America, in spite of their fiduciary duty to have the entire plan contract "readily accessible" at the office of the plan administrator.

Plaintiff respectfully requests this Court compel NFA Corporation, in their capacity as the plan administrator of the NFA Corporation disability welfare benefit plan, to provide to plaintiff a true copy of the entire plan contract.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATION OF ATTEMPTS TO OBTAIN THE PLAN CONTRACT

The undersigned hereby certifies on this 4 day of August, 2006, that I have made repeated but unsuccessful attempts to obtain a copy of the entire plan contract from defendant NFA Corporation.

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4 day of August, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933