**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS REPLY TO DEFENDANTS OBJECTION TO MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

Defendants allegation that the "plan document" has been provided to plaintiff is not factual. The only plan document provided to plaintiff is the Certificate of Coverage[1]. Plaintiff's Motion to Compel specifically seeks "a true copy of the entire plan contract of the NFA Corporation disability welfare benefit plan defining all terms and conditions of a payable claim". (Plaintiffs Motion to Compel, page 1, paragraph 1). The Certificate of Coverage is not the entire plan contract.

[1] On Plaintiffs information and belief, the Certificate of Coverage is also known as the Summary Plan Description for the NFA Corporation Disability Welfare Benefit Plan as provided by Prudential Insurance Company of America.

A Payable Claim is defined in the plan as "a claim for which Prudential is liable under the terms of the Group Contract". (attachment 1, Certificate of Coverage Glossary, Page 30 at "Payable Claim"). "Plan" is defined as being "a line of coverage under the Group Contract" (attachment 1, Certificate of Coverage Glossary, Page 30 at "Plan"). The Certificate of Coverage is not defined as being the "entire Group Contract". (attachment 2, Certificate of Coverage, Page 4, paragraph 4). Plaintiff has only received the Certificate of Coverage in this litigation.

The term "plan document" as used by defendants in their objections, does not contractually describe the "entire Group Contract" or any document(s) provided to plaintiff in this litigation defining all terms and conditions of a payable claim. "Contract language in an ERISA action is to be given its plain meaning." *Rodriguez-Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 586 (1st Cir. 1993). See also *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 179 (1st Cir. 1995) (noting that, for interpretive purposes, "[a]ccepted canons of construction forbid the balkanization of contracts").

Defendants objections do not cite any efforts taken to confirm with Prudential Insurance Company of America in their capacity as the Plan Provider, the scope of all documents constituting the "entire Group Contract" in spite of defendants fiduciary duty to have all plan documents readily assessable at the office of the plan Administrator. See 29 U.S.C. §§ 1024 (b)(2), 1024 (b)(4). An ERISA fiduciary has a duty to speak out if it "knows that silence might be harmful." *Bixler v. Central Penn. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993).

Plaintiff respectfully requests this Court compel NFA Corporation, in their capacity as the plan administrator of the NFA Corporation disability welfare benefit plan, to provide to plaintiff a true copy of the entire plan contract.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 17th day of August, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

Attachment 1 - Certificate of Coverage Glossary, Page 30 at "Payable Claim" and "Plan"
Attachment 2 - Certificate of Coverage, page 4, paragraph 4