**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS MOTION REQUESTING RECONSIDERATION OF THE DENIAL OF MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

As provided under Federal Rules of Civil Procedure 52(b), Plaintiffs respectfully requests the Court reconsider the denial of plaintiffs Motion to Compel Discovery of Documents. A memorandum of law is attached.

Respectfully submitted

[signature]

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14th day of September, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER THE DENIAL OF PLAINTIFFS MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

## I. INTRODUCTION

As provided under Federal Rules of Civil Procedure 52(b), Plaintiffs respectfully requests the Court reconsider the denial of plaintiffs Motion to Compel Discovery of Documents based on legal errors cited herein.

## II. LEGAL STANDARD

The district court has "plenary authority" to reconsider its own rulings if it believes it has erred, and to grant a motion it had previously denied. *El Fenix de Puerto Rico v. The M/Y Johanny*, 36 F.3d 136, 140 n.2 (1st Cir. 1994); See also *National Metal Finishing Co. v. Barclays American/Commercial, Inc.*, 899 F.2d 119,123 (1st Cir. 1990) (Even after entry of judgment, the purpose of Rule 52(b) is to allow reconsideration in order to "correct[] . . . manifest errors of law or fact.").

**III.** The Court does not consider that denying plaintiff rights to receive plan documents from the plan administrator denies plaintiff protected rights to receive plan documents in a timely manner as guaranteed under 29 U.S.C. § 1132(c)(1)(b).

1. 29 USC. § 1132 (c)(1)(b) holds in pertinent part

(1) Any administrator (B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary (unless such failure or refusal results from matters reasonably beyond the control of the administrator) by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper.

2. Defendant NFA Corporation is the only named the plan administrator of the disability plan. (Summary Plan Description, page 33, at "Plan Administrator")

3. Defendant NFA Corporation in their capacity as the plan administrator is a named plan fiduciary in the plan as defined under ERISA 3(21)(a) (Complaint 06-0143ML Lorraine Femino v NFA Corporation d/b/a Hope Global (hereinafter Complaint) page 13, paragraph 2). See also 29 U.S.C. § 1102(a)(2) (stating "the term ``named fiduciary" means a fiduciary … pursuant to a procedure specified in the plan")

4. Prudential Insurance Company of America is not named as a plan administrator in the plan. (Summary Plan Description, page 33, at "Plan Administrator" (showing only NFA Corporation as the plan administrator)).

6. In an ERISA matter, where a plan provider is not the plan administrator of the benefit plan, the plan provider is not responsible for providing requested plan documents. See e.g. *Davis v. Verizon New England*, 2004 WL 2110729 (D. Me. Sept. 22, 2004) (holding that the plan provider was not responsible for providing requested plan documents since they were not "the plan administrator").

7. Prudential has established an intent to block all of plaintiffs attempts to obtain the plan contract directly from Prudential having not provided any assistance in providing plan documents in this matter. (Complaint, page 10 at 27, 28).

8. Plaintiff as a plan participant with a chronic disability and litigating this civil action as a pro se *in forma pauperis,* relies on obtaining plan documents in a timely manner as prescribed and required under 29 U.S.C. § 1132(c)(1)(b) and 29 U.S.C. § 1024(b)(4). (Plaintiffs Motion to Compel, page 1 at 2) and (Complaint, page 3 at 6).

9. The Plan Administrator has the capacity to provide plan documents in a timely manner where the plan administrator being a plan fiduciary "must employ care, skill, prudence, and diligence", *Beddal verses State Street Bank and Trust Company*, 137 F. 3d 12, 18 (First Circuit 1998) (quoting 29 U.S.C. § 1104(a)(1)(B)). See also *Glaziers &*

*Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities"). (Plaintiffs Motion to Compel page 2, at paragraph 1).

10. Complying with requests for documents defined under 29 U.S.C. 1024 (b)(4) is the responsibility of the plan administrator, NFA Corporation (Plaintiffs Motion to Compel, page 1 at paragraph 2)

**IV. Conclusion**

For reasons provided above, Plaintiff respectfully requests that the Court reconsider its decision denying plaintiffs request to file Motion to Compel.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14th day of September, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933