**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS REPLY TO DEFENDANTS OBJECTION TO MOTION FOR RECONSIDERATION OF DENIAL OF DISCOVERY OF DOCUMENTS**

Defendants allegation that plaintiffs motion for reconsideration has no merit is contrary to opinions in the First Circuit and other circuits regarding a plan participants right to receive governing plan documents from the plan administrator in a timely manner as required under 29 U.S.C. § 1132(c)(1)(b) and 29 U.S.C. § 1024(b)(4).

"Congress requires that an employer create both a detailed explanation of the ERISA plan (the plan document") and a summary for employees to read (the summary plan document" or SPD" *Mattias v Computer Sciences Corp.*, 34 F. Supp.2d 120, 124-125 (D.R.I. 1999). Plaintiff has only been provided a copy of the Summary Plan Document. ERISA recognizes "the plan document" as legally being the document

containing the "detailed explanation" of all terms defining a payable claim. In the NFA Corporation disability plan, the entire Group Contract is the governing plan document defining all terms of a payable claim and thus the entire Group Contract is "the plan document". The Fourth Circuit has held that 29 U.S.C. § 1132(c)(1)(b) "encompasses formal or legal plan documents under which a plan is set up or managed" *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996). The First Circuit reiterates the opinion in *Faircloth* that the intent of 29 U.S.C. § 1132(c)(1)(b) means "the formal legal documents that underpin the plan" *Doe v. Travelers Insurance Co.* 167 F.3d 53 (1st Circuit 1999).

In this civil action, plaintiff, being a former employee of NFA Corporation and a plan participant as defined under ERISA 3(7), should be afforded the same rights to receive governing plan documents from the plan administrator as are granted to current NFA employees. Courts have consistently regarded the term "employees," as used in other federal employment statutes, as not inherently limited to current employees. Cases involving such statutes are instructive, although not determinative. See *Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997) ("We regard Title VII, ADEA, ERISA, and FLSA as standing in pari passu and endorse the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another."). The Supreme Court made clear that the term "employees," as used in the anti-retaliation provision of Title VII, includes former employees. See *Robinson v. Shell Oil Co.*, 117 S. Ct. 843, 845 (1997). See also *Passer v. American Chem. Soc'y*, 935 F.2d 322, 330-31

(D.C. Cir. 1991) (term "employees" in Age Discrimination in Employment Act (ADEA) includes former employees). ERISA 3(7), defines the term ``participant" to mean:

> "any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit."

Requiring plaintiff to obtain the Group Contract directly from Prudential Insurance Company of America, the plan provider, rather than directly from NFA Corporation in their capacity as the plan administrator, is not "more convenient, less burdensome, or less expensive . . . ." Fed. R. Civ. P. 26(b)(2)(i). Plaintiff being disabled with a chronic illness and lacking sufficient financial and legal resources to subpoena the Group Contract from the plan provider, would face a substantial barrier to continue with this litigation without an appropriate remedy from the Court upholding plaintiffs rights as a plan participant defined under 29 U.S.C. § 1132(c)(1)(b) and 29 U.S.C. § 1024(b)(4). The Supreme Court has long recognized that the Federal Rules of Civil Procedure are to be construed liberally in favor of discovery. See *Hickman v. Taylor*, 329 U.S. 495, 507 (1947) ("[T]he deposition-discovery rules are to be accorded a broad and liberal treatment."); see also *SEC v. Sargent*, 229 F.3d 68, 80 (1st Cir. 2000) (quoting Hickman).

Plaintiff respectfully requests this Honorable Court grant plaintiffs request for reconsideration and compel NFA Corporation, in their capacity as the plan administrator of the NFA Corporation disability welfare benefit plan, to provide to plaintiff a true copy of the entire Group Contract.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of October, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933