**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS MOTION REQUESTING RECONSIDERATION OF MAGISTRATE JUDGE LINCOLN ALMONDS ORDER DENYING PLAINTIFFS MOTION TO COMPEL AND MOTION FOR RECONSIDERATION OF MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

As provided under Federal Rules of Civil Procedure 73(c), Plaintiffs respectfully requests District Judge Mary Lisi reconsider the denial of plaintiffs filing of Motion to Compel Discovery of Documents and also Plaintiffs filing of Motion for Reconsideration of Denial of Motion to Compel Discovery of Documents denied by Magistrate Judge Lincoln Almond in order denying Motion for Reconsideration, dated October 13, 2006. Plaintiff attaches a memorandum of law in this matter.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd ~~day~~ of October, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS MEMORANDUM IN SUPPORT OF MOTION TO RECONSIDER MAGISTRATE JUDGE LINCOLN ALMONDS ORDER DENYING PLAINTIFFS MOTION TO COMPEL AND MOTION FOR RECONSIDERATION OF MOTION TO COMPEL DISCOVERY OF DOCUMENTS**

## I. INTRODUCTION

As provided under Federal Rules of Civil Procedure 73(c), Plaintiffs respectfully requests District Judge Mary Lisi reconsider the denial of plaintiffs filing of Motion to Compel Discovery of Documents and also Plaintiffs filing of Motion for Reconsideration of Denial of Motion to Compel Discovery of Documents denied by Magistrate Judge Lincoln Almond in order denying, 12, Motion for Reconsideration, dated October 13, 2006, based on legal errors cited herein.

## II. LEGAL STANDARD

The district court has "plenary authority" to reconsider its own rulings if it believes it has erred, and to grant a motion it had previously denied. *El Fenix de Puerto Rico* v. *The M/Y Johanny*, 36 F.3d 136, 140 n.2 (1st Cir. 1994). Title 28, U.S.C. § 636(b)(1)(A) (A judge of the court may reconsider any pretrial matter under this

subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law).

**III The Courts denial of all relief to defendants violations of 29 U.S.C. §§ 1024(b)(2), 1024(b)(4) denies plaintiff any "equitable relief" to defendants section 1024(b)(2), 1024(b)(4) violations thus forcing on plaintiff remedies not specifically authorized by ERISA.**

1. The Court has sufficient information to determine the Complaint has in pertinent part "colorable" ERISA actions of 29 U.S.C. § 1102 (failure to "name a plan fiduciary" thus not providing a proper procedure under the plan for the allocation of responsibilities for the operation and administration of the plan in violation of 29 U.S.C. § 1102(b)(2)) and 29 U.S.C. § 1104(a) (failure to act in the best interests of plaintiff by denying plaintiff "access to requested legal plan documents" thus denying plaintiff a proper appeal to the notice of denial of benefits) (Complaint, Lorraine Femino v NFA Corporation d/b/a Hope Global, document 1, (hereinafter Complaint), page 14, at 1-3).

2. Complaints 1-3 in (1) above (hereinafter Complaints 1-3) are actionable [1] under

---

[1] Plaintiff respectfully points the Court to the predominant Supreme Court decision in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989) establishing who is a "plan participant" with respect claims filed under 29 U.S.C. § 1132(a)(1). In this specific matter, Plaintiff relies on relief under 29 U.S.C. § 1132(a)(3) not § 1132(a)(1) based on the Supreme Court decision *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995) (holding retirees right to file civil actions for violations of 29 U.S.C. § 1102(b)).

29 U.S.C. § 1132(a)(3) where only "plan participants" are allowed to submit civil actions. See 29 U.S.C. § 1132(a)(3). See also *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 84 (1995) (holding that there was "nothing wrong" with retired plan participants trying to prove violations of 29 U.S.C. § 1102(b)); *Varity Corp. v. Howe*, 116 S. Ct. 1065 (1996), (holding that 29 U.S.C. § 1132(a)(3) "may permit equitable relief against a plan administrator for breaches of the fiduciary duty imposed on such administrators by ERISA").

3. The Court had sufficient information to determine Complaints 1-3 were colorable ERISA claims where relief for plaintiff comes in part to examine or receive governing "plan documents" via the "plan administrator" to properly appeal the notice of denial of disability benefits to a "named plan fiduciary". (Complaint page 13, 1-3). See also *Curtiss-Wright v. Schoonejongen*, 143 F.3d 120, 124 (3d Cir. 1998) (on remand) (holding that plan documents allow plan participants "to determine with certainty at any given time exactly what the plan provides."); see also *Smith v. National Credit Union*, 36 F.3d 1077, 1081 (11 Cir. 1994) ("in the absence of documents, it would be impossible for participants to compare any "notices" that they might receive".).

4. The Court had sufficient information to determine plaintiffs Complaints 1-3 were "colorable" ERISA claims where plaintiff alleges defendants did commit a breach of fiduciary duty to not properly identify the "plan document" to plaintiff and also plaintiffs allegations that defendants did file a "false" statement with the Court in this matter. (Response in Opposition, document 11, Page 2, ¶ 1-2 and Response in Opposition , document 14, Page 1, ¶ 2). See 29 CFR 2520.104b-1 (b)(3) (requiring in pertinent part

"For purposes of section 104(b)(2)...[s]uch documents must be clearly identified"), See also *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996) ("The requirement of a colorable claim is not a stringent one.").

6. The Court did sufficiently establish that NFA Corporation in their capacity as the plan administrator alleges they cannot locate the entire Group Contract. (Plaintiffs best recollection of defendants alleged "inability to locate the Group Contract" (emphasis added) made at the September 11, 2006 hearing).

6. The Court had sufficient information to establish that the plan administrator is required to have the entire Group Contract "readily accessible" for plan participants at the "office of the plan administrator". 29 U.S.C. § 1024(b)(2); 29 C.F.R. 2520.104b-1(b)(3). (Motion to Compel, document 8, Page 1, 2 and page 2, 1)

5. The Court had sufficient information to establish that NFA Corporation is the only "named Plan Administrator" in the Plan where being the plan administrator requires NFA Corporation to have plan documents "readily assessible"... 29 C.F.R. 2520.104b-1(b)(3)". (Motion to Compel, document 8, Page 1, 2 and page 2, 1 and Motion for Reconsideration, document 12, Page 2 at 2).

7. The Court did not exercise any option for appropriate "equitable relief" in this matter being to provide a remedy to violations of 29 U.S.C. § 1024(b)(4) and also 29 U.S.C. § 1024(b)(2); 29 C.F.R. 2520.104b-1(b)(3) where relief to § 1024(b)(2) could have taken the form of compelling defendants to make the Group Contract "readily assessible" at the office of the plan administrator to relieve plaintiff from the burden of finding the plan document through less convenient ways. (Order on Motion to Compel

October September 11, 2006, and Order on Motion for Reconsideration, October 13, 2006)

7. The Courts denial of all relief to violations of 29 U.S.C. §§ 1024(b)(2), 1024(b)(4) denies plaintiff any appropriate ERISA remedy and thus forces on plaintiff remedies not specifically authorized by ERISA. See *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985). (Holding it improper for the Courts "to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text).

**IV. Conclusion**

For reasons provided above, Plaintiff respectfully requests that this honorable Court reconsider Magistrate Judge Lincoln Almonds decision to deny all equitable relief authorized under ERISA for defendants violations of 29 U.S.C. §§ 1024(b)(2), 1024(b)(4) and provide equitable relief as this honorable Court deems appropriate equitable relief as authorized under 29 U.S.C. § 1132(a)(3).

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd day of October, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933