**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MOTION REQUESTING PERMISSION TO AMEND THE COMPLAINT WITH SUPPLEMENTAL PLEADING**

Pursuant to Federal Rules of Civil Procedure rule 15(a), plaintiff respectfully requests permission from this Honorable Court to amend the Complaint Lorraine Femino v NFA Corporation d/b/a Hope Global to include a supplemental pleading.

Plaintiff attaches a memorandum of law in this matter.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14 th day of November, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 05-019ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT WITH SUPPLEMENTAL PLEADING**

Pursuant to Federal Rules of Civil Procedure rule 15(a), plaintiff respectfully requests permission from this Honorable Court to amend the Complaint Lorraine Femino v NFA Corporation d/b/a Hope Global (hereinafter Complaint) to include the supplemental pleadings herein.

## BACKGROUND

Plaintiff did receive a Notice Of Right to Sue from the Rhode Island Commission for Human Rights pertaining to EEOC complaint EEOC#16JA400282, *Lorraine Femino vs. NFA Corp. D/B/A Hope Global* and did file a claim for relief under the Americans with Disabilities Act of 1990. Plaintiff did initiate this claim based in pertinent part on information and belief of the existence of discriminatory policies in the NFA Corporation Disability Welfare Benefit Plan (hereinafter Plan) as stated to plaintiff by the Plan Provider, Prudential Insurance Company of America (hereinafter Prudential). On information and belief, plaintiff alleges Prudential denied plaintiffs ERISA Plan benefits

based on discrimination in the discretionary policies in the Plan where plaintiffs doctors medical evidence was not credited in plaintiffs disability review. Plaintiff alleges the discretionary policies used to deny plaintiffs disability claim are in a written Plan instrument (Plaintiffs Affidavit in Support of Motion to Amend (Affidavit, page 3, at 9).

Defendants have raised as an issue that the Plan is based on an alleged "true Plan Document" being a plan document also known as the Certificate of Coverage (hereinafter Plan Document). (Document 9, Defendants Response to Motion, Page 1, ¶ 1). Plaintiff did previously understand the Plan Document to be the Summary Plan Description since the document is only identified as the Summary Plan Description and not the Plan Document. (Affidavit, page 2, at 5-7) See also 29 CFR 2520.104b-1 (b)(3) requiring in pertinent part "For purposes of section 104(b)(2)...[s]uch documents must be clearly identified".

A legal premise that the Certificate of Coverage is the true Plan Document is contrary to Prudential's own understanding of the defining Plan Document. (Affidavit, page 3, at 9,10). The Certificate of Coverage being the Plan Document is also contrary to the plan's own written definition of the defining Plan Document being the Group Contract. (Response in Opposition, Document 11, page 2, 1). See also *Rodriguez-Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 586 (1st Cir. 1993) (Holding "[c]ontract language in an ERISA action is to be given its plain meaning". Establishing the legal validity of Plan documents in this litigation is critical to plaintiffs claims since a claim of the existence of discretionary policies is futile without establishing the legitimacy of all Plan documents as defined by ERISA and by the Plan.

Plaintiff respectfully requests an amendment be granted allowing plaintiff to establish a claim for relief of an ERISA violation to the identification of Plan documents as set forth below. The Court has authority to grant relief in this matter under ERISA § 502(a)(3); 29 U.S.C. § 1132(a)(3) which provides that "[a] civil action may be brought … (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan." See e.g. *Cooper vs. IBM Personal Pension Plan*, 274 F.Supp.2d 1010 (S.D. Ill. 2003). (Holding "The plain language of [ERISA § 502(a)] confers statutory standing to plan participants,…who seek to protect their employee benefit rights"). Plaintiff's rights to possible future ERISA benefits is dependent upon the legal status of plan documents decided in this litigation where plaintiff alleges herein the Plan documents are not properly identified in accordance with ERISA, do not meet ERISA statutory requirements, and are not recognized by Prudential.

FIRST SUPPLEMENTAL CLAIM FOR RELIEF: The Plan administrator, defendant NFA Corporation, did run the plan with written instruments that do not meet ERISA statutory requirements.

1. The Plan is an employee welfare benefit plan as defined in ERISA 3(3); 29 U.S.C. § 1002(3) and an "employee welfare benefit plan" as defined in ERISA 3(1); 29 U.S.C. § 1002(1).

2. Defendant NFA Corporation (hereinafter NFA) functions as the Plan sponsor and Plan administrator.
3. Prudential functions as the Plan provider.
4. NFA denies there are any named Plan fiduciaries.
5. "[P]lan administrators have a duty to run the plan in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [the statute]". *Curtiss-Wright v. Schoonejongen*, 514 U.S. 73, 85 (1995). (quoting ERISA 504(a)(1)(D); 29 U.S.C. § 1104(a)(1)(D)).
6. Plaintiff could only recently have learned all of the facts pertaining to this specific Cause of Action since plaintiff alleges that all Plan documents used to deny plaintiffs benefits were not properly identified; nor were Plan documents kept in the office of the Plan Administrator to be examined. (Affidavit, page 1 and 2 at 5-8) See also 29 CFR 2520.104b-1 (b)(3) which requires in pertinent part "For purposes of section 104(b)(2)...[s]uch documents must be clearly identified and "readily accessible" for plan participants at the "office of the plan administrator".
7. Plaintiff could only recently have learned all of the facts pertaining to this specific Cause of Action since plaintiff alleges that the Plan has no Named Fiduciary where a Named fiduciary has statutory duties to properly inform plaintiff of all matters pertaining to plaintiffs denial of benefits in the manner required of a fiduciary. (Affidavit, page 3, at 13). See 29 U.S.C. § 1133 (a)(1) which requires in pertinent part that plaintiff be afforded "a reasonable

opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim". See also *In re Unisys ERISA Litig.*, 57 F.3d 1255, 1264 (3rd Cir. 1995) (recognizing "employers duty, as an ERISA fiduciary, not to misinform employees through...incomplete, inconsistent, or contradictory disclosures").

8. NFA states as an undisputed fact that the plan document identified as the "Certificate of Coverage" is the true plan document. See Lorraine Femino v. NFA Corporation d/b/a Hope Global, CA 05-019, Document 88, Defendants Statement of Undisputed Facts, page 1, at 4 (stating "exhibit H", as being "a true and correct copy of the Plan Document" where exhibit H, page 4, 4 identifies the document as being the "Certificate of Coverage" (hereinafter Plan Document)). See also *United States v. Velez Carrero*, 140 F.3d 327, 330 (1st Cir. 1998) (holding defendants be precluded from "asserting legal or factual positions inconsistent with the positions that they took in prior proceedings").

9. NFA has chosen a position in this litigation to continue to identity the Plan Document as being the Certificate of Coverage. See Document 9, Defendants Response to Motion (reaffirming plaintiff has received the "Plan Document"). See also *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. 73, 85 (Holding "ERISA...follows standard trust law principles in dictating only that whatever level of specificity a company ultimately chooses, in an amendment procedure or elsewhere, it is bound to that level").

10. ERISA Section 402(a), 402(b4); 29 U.S.C. §§ 1102(a), 1102(b4) sets out a "functional requirement" that the Plan specify the basis on which payments are made to and from the plan in a "written instrument". See *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. at 84. (quoting in part 29 U.S.C. § 1102(b)).

11. ERISA recognizes only two governing Plan documents being "a detailed explanation of the ERISA plan (the plan document") and a summary for employees to read (the summary plan document" or SPD"). *Mattias v Computer Sciences Corp*., 34 F. Supp.2d 120, 124-125 (D.R.I. 1999).

12. Plaintiff alleges that discretionary policies in the Plan are not contained in the Plan Document or the Summary Plan Description and thus the Plan Document violates ERISA Section 402(a); 29 U.S.C. § 1102(a), requiring in pertinent part that a Plan "shall be established and maintained pursuant to a written instrument". See e.g. *Murphy v. Georgia Power Company*, 54 F. Supp. 2d 1354 (S.D. Ga. 1999). (holding that the failure to sign a new insurance policy with different terms than the prior policy rendered the new policy an invalid plan amendment under § 402(b)(3) and, thus, the unsigned policy is not a § 402 written instrument as required under 29 USC 1102(a)). See also *Smart v. Gillette Co. Long-Term Disability Plan*, 70 F.3d 173, 179 (1st Cir. 1995) (noting that, for interpretive purposes, "[a]ccepted canons of construction forbid the balkanization of contracts").

13. Plaintiff alleges that the Plan Document only meets the requirements of ERISA 102(b); 29 U.S.C. § 1022 (b) defining a Summary Plan Description

where the Summary Plan Description is required to include "a statement clearly identifying circumstances which may result in...denial loss forefeiture or suspension of benefits that a participant or beneficiary might...reasonably expect the plan to provide..." *Burstein v Retirement Acct. Plan for Allegehany Health Ed. Resources Fdn.*, 334 F.3d 365 (3rd Cir. 2003). The "primary" instrument for this disclosure is the Summary Plan Description. *Burstein*, supra, 334 F.3d at 379.

14. Plaintiff claims standing as an ERISA plan participant to file this complaint having been a plan participant in the Plan and having a colorable claim to violations of ERISA 504(a)(1)(D); 29 U.S.C. § 1104(a)(1)(D)) where plaintiff requires Plan documents consistent with ERISA to perfect claims set forth in the instant case and to protect plaintiffs rights to future ERISA benefits.

15. The threshold for a "colorable" ERISA claim in the First Circuit is based on a plan participant having an "arguable" ERISA claim for relief. See *City of Hope Nat'l Med. Ctr. v. Healthplus, Inc.*, 156 F.3d 223, 230 n.9 (1st Cir. 1998) (quoting the "colorable claim" standard from *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698 (7th Cir. 1991) (Holding that "[A]s Firestone held, jurisdiction depends on an arguable claim, not on success."). See also *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 790 (7th Cir. 1996) ("The requirement of a colorable claim is not a stringent one.").

16. The specific claims of violations of ERISA based on improperly identified and other written instruments apart from the Summary Plan Description and

the Plan Document defining terms of the plan has not been raised in this litigation or in prior litigation.

PRAYER FOR RELIEF ON ERISA CLAIM

WHEREAS, Plaintiff prays that this Court:

A. Declare that the document Summary Plan Description is not consistent with ERISA 102(b); 29 U.S.C. § 1022 (b) and thus is invalid.

B. Declare that the alleged Plan Document is the Summary Plan Description for the Plan in accordance with ERISA.

C. Declare that the Group Contract is the proper Plan Document in accordance with ERISA.

D. Declare that NFA runs the Plan with invalid Plan documents and thus violates ERISA 504(a)(1)(D); 29 U.S.C. § 1104(a)(1)(D)).

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14th day of November, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933