UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LORRAINE FEMINO, :
Plaintiff, :
:
VS. : C.A. No. 06-0143ML
:
NFA CORPORATION d/b/a/ HOPE :
GLOBAL; NFA CORPORATION, :
Defendants. :

DEPOSITION OF LORRAINE FEMINO, the Plaintiff in the above-entitled cause, taken on behalf of the Defendants, before Melanie M. Chace, RPR, Notary Public in and for the State of Rhode Island at the offices of PANNONE LOPES & DEVEREAUX, LLP, 1800 Financial Plaza, Providence, Rhode Island, on January 26, 2007, at 10:00 a.m.

PRESENT:

FOR THE DEFENDANTS.........PANNONE LOPES & DEVEREAUX, LLP
BY: WILLIAM E. O'GARA, Esq.
ALSO PRESENT: MATTHEW JILL

Q. In connection with the first action you've brought, you sought documents and information from NFA regarding the terms and conditions of the long-term disability claim; is that accurate?
A. I asked NFA for information, yes.
Q. Which was not forthcoming?
A. Right, correct.
Q. That is the reason that -- that is one of the reasons that you filed the first lawsuit?
A. Yes.
Q. In the first lawsuit, my understanding from reviewing the complaint, is that you sought as a remedy to be reinstated to benefits under the long-term disability policy; is that correct?
A. Yes.
Q. In connection with the second lawsuit that you have brought, you have sought as a remedy to be reinstated to benefits under the long-term disability policy?
A. Yes.
Q. The benefits that you have sought in the second case are the same as the benefits that you have sought in the first case, reinstatement?
A. Reinstatement of benefits, correct.
Q. In connection with the second lawsuit, you've asserted a claim under ERISA for violation -- for alleged

violation of that statute; is that accurate?
A. Yes.
Q. Can you tell me in your own words what you believe to be the violations that occurred that caused you to file the second lawsuit?
A. I had asked Hope Global for help. I have several letters here. I don't know -- you have copies of all of these letters.
Q. Okay, I do.
A. I had asked Hope Global for help and they refused to help me.
Q. Is this the claim asserted in the second case relative to the ERISA violations, not the Americans with Disabilities violation, alleged violations, is it your claim that those claims arise out of Hope Global, NFA, the failure of Hope Global and NFA to provide you with accurate information and documentation relative to the long-term disability plan?
A. Yes, because I relied on Hope Global for information.
Q. In connection with the third action that you have brought that is pending in the federal court right now, that action arises out of Hope Global's failure in your eyes to provide you with requested information and plan documents; is that true?

A. It's true, because, I'm thoroughly confused.
Q. It's your contention that dating back to 2003, when you were receiving disability benefits, the company has failed to provide you with a complete copy of all plan documents; correct?
A. Yes.
Q. And the company has failed to provide you with accurate information regarding the terms and conditions of the long-term disability plan?
A. Correct. The only document they provided to me was what is referenced as SPD-1, which you also referred to as SPD-1 in your --
Q. Motions?
A. Motions, exactly.
Q. So, you've brought the third action because you were unable in the first action to obtain the documents that you believe exist relative to the plan?
A. Correct. Prudential claims that there is another instrument or contract. Hope Global is not giving me any answer. They neither deny it, nor admit it.
Q. The claim asserted under the Americans with Disabilities Act, that claim arises out of what you believe is an unlawful discrimination based on injuries that are self-reported; is that accurate?
A. Could you rephrase that for me, please?

A. The claims?

Q. Let me withdraw the question. In connection with the first action that you've brought, you've alleged that NFA had failed to provide you with certain information and documents that you had requested; correct?

A. Correct.

Q. And then you filed the third action, that you are seeking to obtain accurate information and documentation, in connection with the third case; correct?

A. Yes, I believe there is another instrument.

Q. In connection with the second case that you've filed, you've asserted claims in that case that your claim for benefits hadn't been processed and decided correctly?

A. Right.

Q. And you would agree with me that the claims that you asserted in the second case, you could have if you had wished to, asserted those in the first case?

A. I'm confused.

Q. Let me back up. In the second case that you brought, you alleged --

A. The EEOC?

Q. Yes, leaving aside the claims under the Americans with Disabilities Act, leaving those aside, the claims that you've brought in the second case under ERISA, you

would agree with me that you could have brought those claims in the first case? There was nothing preventing you from bringing those claims?

A. No.

Q. No?

A. No, I brought them under the second case because I felt -- what's the word I'm looking for? I just blanked. I could have brought them against the first, but I chose to bring them up in the second one.

Q. That was my question. Thank you. Thank you for that explanation. At this point, are you contemplating bringing any additional lawsuits against NFA?

A. Not at this moment. I wanted to get an answer from the third lawsuit.

Q. Should you not get a satisfactory answer from the third lawsuit, do you anticipate bringing an additional action against NFA?

A. At this time, Mr. O'Gara, I don't know.

MR. O'GARA: Okay. Can we take a break for a moment.

(BRIEF RECESS, 10:24 a.m. - 10:25 a.m.)

Q. Just a couple more questions. In the claims asserted in the third action, if you had wanted to, you could have asserted those claims in the first case that you brought?

A. My third action was just one question; am I correct?
Q. Your third action, you're seeking information?
A. I'm seeking information. And the question in that action is, are there any other instruments? Any other written instruments? If what was said before, that there were not, that this blue book was the contract, which, I disagree, then, you're right, I don't have a claim and we might as well just, you know, dismiss it. But, I believe that Hope Global is holding back on me. In this book it says contract, from Pages 1 to 35, I believe is the summary plan description.
Q. So, just so I can summarize, just so I can summarize what you've told me, in connection with the first lawsuit that you've brought, you've filed motions to compel Hope Global to provide you with additional plan documents; correct?
A. Correct.
Q. The court -- strike that. You were unable to obtain additional documents that you believe exist; correct?
A. Yes.
Q. And that is the reason that you filed the third action, to obtain documents that you believe exist?
A. Yes.
Q. Is there any other reason that you filed the third

action, other than to obtain documents that you believe exist that you were not able to obtain in the first action?

A. Not that I can see.

MR. O'GARA: I have no further questions. I thank you for your time this morning. The rules allow you the opportunity to read and sign the transcript, to review the transcript and advise the court reporter if there are any mistakes that you see in the transcript. What I'm going to ask her to do is provide you with a copy and to provide you with the opportunity to review the document. Do you understand that?

A. Yes, I do.

MR. O'GARA: She'll waive the notary.

(DEPOSITION CLOSED AT 10:30 a.m.)