UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-143ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

DEFENDANT'S LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule Cv 56, Defendant NFA Corporation submits this Statement of Material Undisputed Facts in connection with its Motion for Summary Judgment. The matters set forth herein are acknowledged as true for purposes of the present motion only.

1. NFA Corporation ("NFA") is the Plan Sponsor and Plan Administrator of the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan"). Femino v. NFA Corp., 2006 WL 1997626 at 4 (D.R.I.) ("Femino I").

2. The plaintiff enrolled in NFA's long-term disability plan ("the Plan") when she began her employment with NFA in 1995. Id.

3. In 1999 the Plan was amended and the Prudential Insurance Company of America ("Prudential") became the insurer. Id.

4. A number of changes were made to the Plan, including the imposition of a 24 month benefit period for disabilities primarily based on self-reported symptoms. Id.

5. In May of 2001, plaintiff stopped working due to fibromyalgia, an alleged disabling condition. Id.

6. Benefits were approved following plaintiff's administrative appeal, and plaintiff received payments under the Plan. Id.

7. Benefits were subsequently terminated in 2003 based on the self-reported symptoms provision of the Plan limiting recovery for disabilities based on self reported symptoms to 24 months. Id.

8. Plaintiff commenced an action on January 20, 2005 claiming various violations under ERISA. Femino v. NFA Corp., 2006 WL 1997626 at 4 (D.R.I.).

9. The plaintiff filed a second amended complaint on February 1, 2006 asserting the following claims: (1) Failure to disclose material modifications to the Plan in connection with the 1999 amendments, in violation of 29 U.S.C. § 1022 and 29 CFR 2520.104a-7. (2) Breach of fiduciary duty by implementing the amended plan "without a written Plan Document" in violation of 29 U.S.C. §§ 1102 and 1104. (3) Breach of disclosure obligation by failing to timely provide plaintiff a copy of the 1995 SPD upon her written request in November of 2004, for which plaintiff seeks civil penalties under 29 U.S.C. § 1132(c)(1)(B). Id. at 4.

10. The defendant's motion for summary judgment in Femino I was granted on July 17, 2006. Id. at 8.

11. On March 28, 2006, the plaintiff filed the present cause of action alleging violations under the Americans with Disabilities Act and ERISA. Femino v. NFA Corp., CA 06-143ML ("Femino II").

12. The plaintiff filed a third cause of action on November 27, 2006 alleging violations of ERISA. Femino v .NFA Corp., (CA No. 06-513ML)("Femino III").

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5117
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed ECF and mailed by first class mail, postage prepaid on this 8th day of February, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara