UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-143ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

DEFENDANT'S MOTION FOR ATTORNEY FEES

Defendant NFA Corporation hereby moves for an award of attorney fees under 28 U.S.C. § 1927. In support of this motion, defendant relies on the Memorandum of Law attached to this motion.

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara

William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5117
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed via ECF and mailed by first class mail, postage prepaid on this 8th day of February, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara

UNITED STATES DISTICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-143ML |
| | : | |
| NFA CORPORATION d/b/a | : | |
| HOPE GLOBAL, et al. | : | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR ATTORNEY FEES

INTRODUCTION

Since January of 2005, the plaintiff has filed three separate causes of action, and actively litigated the cases by filing multiple discovery motions and discovery requests. All of the actions and related filings arise from the same transaction, the termination of the plaintiffs long term disability benefits pursuant to a 24 month limitation in the benefit plan for disabilities based on self reported symptoms. The plaintiff's claims are devoid of merit, have varied little from case to case and have resulted in substantial legal fees for the defendant. As a result of these unrelenting and unwarranted actions by the plaintiff, the defendant moves for the award of attorney fees under 28 U.S.C. § 1927.

PERTINENT FACTS

Plaintiff commenced an action on January 20, 2005.[1] Femino v. NFA Corp., 2006 WL 1997626 at 4 (D.R.I.) ("Femino I"). The plaintiff filed a second amended complaint, filed February 1, 2006 making the following claims: (1) Failure to disclose material modifications to the Plan in connection with the 1999 amendments, in violation of 29 U.S.C. § 1022 and 29 CFR 2520.104a-7. (2) Breach of fiduciary duty by implementing the

[1] Plaintiff previously sued Prudential Insurance Company. The Court's docket shows that a stipulation of dismissal was signed by Judge William E. Smith and entered on August 5, 2004 in that action. *See Femino v. The Prudential Insurance Company of America*, No. 04-CV-298.

amended plan "without a written Plan Document" in violation of 29 U.S.C. §§ 1102 and 1104. (3) Breach of disclosure obligation by failing to timely provide plaintiff a copy of the 1995 SPD upon her written request in November of 2004, for which plaintiff sought civil penalties under 29 U.S.C. § 1132(c)(1)(B). Id. at 4. The defendant's motion for summary judgment was granted on July 17, 2006. Id. at 8.

On March 28, 2006 the plaintiff filed a second cause of action ("Femino II") alleging violations under the Americans with Disabilities Act and ERISA. Femino v. NFA Corp., CA 06-143ML (Docket No. 1). The plaintiff alleged that NFA violated 29 U.S.C. § 1102 as a result of an alleged failure to provide her with plan documents or to assign a plan fiduciary. (Id. at ¶ 1). In addition the plaintiff claimed such failures violated the fiduciary duties of NFA under 29 U.S.C. § 1104(a)(1). (Id. at ¶ 3). During the course of Femino II, the plaintiff also made several motions to compel NFA to provide her with alleged missing documents citing 29 U.S.C. §§ 1024 and 1104. Femino v. NFA Corp., CA 06-143ML (Docket No. 20). These motions were denied by order on October 25, 2006. (Docket No. 17).

On November 14, 2006 the plaintiff moved to amend the complaint asserting additional claims under ERISA. The plaintiff alleged that the defendants administered the long term disability plan with written instruments that did not meet the requirements of 29 U.S.C. §§ 1104(b)(2) and 1104(a)(1)(D). Femino v. NFA Corp., CA 06-143ML (Docket No. 18). The plaintiff also claimed that the plan documents failed to include the discretionary policies used to cancel her benefits in violation of 29 U.S.C. §§ 1102(a), 1102(b)(4). Id. On November 15, 2006 the court denied the plaintiffs motion to amend for failure to comply with the requirements of Local Rule Cv 15. (Docket No. 20).

On November 27, 2006 the plaintiff filed her third cause of action ("Femino III"). The plaintiff alleges that NFA violated 29 U.S.C. § 1104(a)(1) by allegedly refusing to

provide her with confirmation that there are no additional plan documents apart from the documents already provided to her. Femino v. NFA Corp., CA 06-513ML (Complaint for Injunctive and Declaratory Relief ¶ 5). The plaintiff claimed that either additional plan documents were used in order to deny her benefits in violation of ERISA, or if no additional documents were used, the plan documents provided are insufficient because they do not include the discretionary policies used to cancel her benefits. Id. In addition, the plaintiff clearly admitted that her claims were or could have been raised in Femino I, stating that "I could have brought them against the first, but I chose to bring them up in the second one." (Deposition of Lorraine Femino, January 26, 2007 at 12). The plaintiff made the same claims regarding the third cause of action as well. Id. at 11, 13.

ARGUMENT

The plaintiff has unreasonably and vexatiously multiplied the proceedings. A party may move to have attorney fees awarded based on 28 U.S.C. § 1927:

> "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The first circuit has interpreted *unreasonable and vexatious* to mean conduct in multiplying proceedings that is "unreasonable and harassing or annoying in an *objective sense*." Tropicana Products, Inc. v. Vero Beach Groves, Inc., 1993 WL 73693 at 2 (1st Cir. 1993). Behavior is vexatious when it is harassing or annoying, regardless of whether it is intended to be so. Cruz v. Savage, 896 F.2d 626, 631-2 (1st Cir. 1990). The violator need not intend to harass or annoy by the conduct nor be guilty of bad faith, "it is enough that an attorney acts in disregard of whether his conduct constitutes harassment or vexation, thus displaying a serious and studied disregard for the orderly process of justice." Id. The

conduct in question does not have to reach the level of bad faith or intentional disregard, but must be more severe than mere negligence, inadvertence, or incompetence. Id. The resulting standard is an objective test applying the principles highlighted above. Id. In addition, § 1927 has been held to apply to individuals filing pro se. *See* Wages v. IRS, 915 F.2d 1230 (9th Cir. 1990); Brown v. Adidas Int., 938 F.Supp. 628 (S.D. Cal 1996).

The plaintiff in this case has been unreasonable and vexatious in multiplying the proceedings. The intent or bad faith of the plaintiff is irrelevant to this analysis; instead the court must look to whether the repeated causes of action could objectively be considered harassing or annoying thus displaying a disregard for the orderly process of justice. The plaintiff has repeatedly raised identical or similar claims making only slight changes at each pass. The plaintiff's behavior cannot be characterized as mere negligence, but instead constitutes a complete disregard for the judicial process in an attempt to obtain the desired judgment. As a result, the defendant should be awarded attorney fees under 28 U.S.C. § 1927.

CONCLUSION

For the aforementioned reasons, the defendant's motion for attorney fees should be granted.

NFA Corporation,

By their Attorneys,
PANNONE LOPES & DEVEREAUX LLC

/s/ William E. O'Gara
William E. O'Gara, Esq. (#4257)
1800 Financial Plaza
Providence, RI 02903
(401) 824-5117
(401) 824-5123 (facsimile)

CERTIFICATION

The undersigned hereby certifies that a true copy of the foregoing document was filed via ECF and mailed by first class mail, postage prepaid on this 8th day of February, 2007 to:

Lorraine Femino
4 Bayou Drive
Greenville, RI 02828

/s/ William E. O'Gara