**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

**PLAINTIFFS MOTION FOR ENLARGEMENT OF TIME FOR DISCOVERY CLOSURE AND TO FILE DISPOSITIVE MOTION**

Plaintiff Lorraine Femino hereby moves, pursuant to Federal Rules of Civil Procedure 6(b)(1) for an enlargement of time from March 1, 2007 to May 1, 2007 for Discovery closure and from March 15, 2007 to May 15, 2007 for filing all Dispositive motions, or, alternatively, an enlargement of time that this Court deems appropriate to address the immediate issues as contained in the attached memorandum of explanation.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14 th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

**MEMORANDUM SUPPORTING PLAINTIFFS MOTION FOR ENLARGEMENT OF TIME FOR DISCOVERY CLOSURE AND TO FILE DISPOSITIVE MOTION**

Plaintiff Lorraine Femino hereby moves, pursuant to Federal Rules of Civil Procedure 6(b)(1) for an enlargement of time from March 1, 2007 to May 1, 2007 for Discovery closure and from March 15, 2007 to May 15, 2007 for filing all Dispositive motions, or, alternatively, an enlargement of time that this Court deems appropriate to address the immediate issues as contained herein.

Plaintiff claims that there currently exists an unresolved material conflict pertaining to what written instruments exist in the NFA Corporation Disability Plan (Plan). NFA has recently filed for Summary Judgment in the instant case in spite having full knowledge of this unresolved conflict and also knowledge of plaintiffs request for information as filed in a prior Request For Admission. In the Motion for Summary Judgment, NFA does not resolve this matter in the Statement of Undisputed Facts relying instead on an argument that the doctrine of res judicata bars plaintiffs ability to obtain any further Plan information from NFA. See also related case Lorraine Femino v. NFA Corporation, CA 06-513, Defendants Motion for Summary Judgment,

Document 7, where NFA alleges the right to deny all requests for Plan information under the doctrine of res judicata. Plaintiff is preparing a response in opposition to these two Motions for Summary Judgment.

NFA previously responded to plaintiffs Request for Admission on the existence of other Plan written instruments by neither admitting or denying. Plaintiff has informed NFA in writing that if NFA is willing to admit to only one exclusive written plan instrument, plaintiff will voluntarily terminate all matters in the instant case. Plaintiff has also sent a written request to Prudential Insurance Company of America (Prudential) requesting assistance in this matter to which Prudential did send plaintiff a reply refusing any assistance pointing plaintiff back to NFA as the Plan Administrator.

Plaintiff remains mindful of this Courts prior ruling that plaintiff should seek plan documents from a third party being Prudential. Plaintiff is not ignoring that ruling, but believes that it is proper and prudent to first identify what instruments Plaintiff must request before issuing a subpoena. NFA and Prudential have refused any assistance.

On information and belief, Plaintiff claims that Prudential is a party in interest who would gain by obstructing plaintiff's attempts to obtain plan documents by subpoena and is willing to do so by legal maneuver if a subpoena does not properly identify specific named documents in the request. See e.g. *Davis v. Verizon New England*, 2004 WL 2110729 (D. Me. Sept. 22, 2004) (holding that the plan provider was not responsible for providing requested plan documents since they were not "the plan administrator"). See also *Curtiss Wright v. Schoonejongen*, 514 U.S., 73 at 79 (1995) (holding that in matters of Plan Administration, the participant must look exclusively to the named Plan Administrator "and not to any other person".). Plaintiff

believes that proper access to plan documents through subpoena does require proper identification of such documents. See 29 CFR 2520.104b-1 (b)(3) ("For purposes of [ERISA] section 104(b)(2)...[s]uch documents must be clearly identified). NFA being the Plan Administrator is solely responsible to identify all plan documents.

The purpose of the enlargement of time is to allow plaintiff to properly file objections to four motions recently filed by NFA in the instant case and related case CA 06-513 and also to file for Summary Judgment on CA 06-513 opening up a possible remedy to the proper identification of plan documents. Plaintiff expects to meet all deadlines to all cross motions and will diligently file Motion for Summary Judgment on CA 06-513. Plaintiff respectfully requests that an enlargement of time from March 1, 2007 to May 1, 2007 for Discovery closure and from March 15, 2007 to May 15, 2007 for filing all Dispositive motions, or, alternatively, an enlargement of time that this Court deems appropriate to address the immediate issues as contained herein be granted.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 14th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933