UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| VS. | : | Civil Action No. 06-143ML |
| NFA CORPORATION d/b/a HOPE GLOBAL | : | |

**PLAINTIFFS MOTION TO COMPEL DISCOVERY IN A REQUEST FOR ADMISSION**

As provided under Federal Rules of Civil Procedure, Rule 37, Plaintiff, files this Motion to Compel Discovery in a Request for Admission. Plaintiff did submit to NFA a Request for Admission as to the identity of any other written instruments in the NFA Corporation Disability Welfare Benefit Plan (Plan) apart from the Summary Plan Description and Plan Document (Exhibit H). NFA will neither admit or deny. A memorandum of law is attached.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **C.A. 06-0143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY IN A REQUEST FOR ADMISSION**

As provided under Federal Rules of Civil Procedure, Rule 37, Plaintiff, files this Motion to Compel Discovery in a Request for Admission. Plaintiff did submit to NFA a Request for Admission as to the identity of any other written instruments in the NFA Corporation Disability Welfare Benefit Plan (Plan) apart from the Summary Plan Description and Plan Document (Exhibit H). NFA will neither admit or deny. Plaintiff has also filed a Motion for an Extension of Time to Complete Discovery (Document 25) and respectfully requests the Court give consideration to the Motion for an Extension of Time based on the matters outlined herein.

This Motion to Compel is sufficiently different from any other Motion or litigation between Femino and NFA where the Request for Admission is required to prove the full extent of definitions and requirements for an undefined self reported symptoms provision of the Plan submitted in Defendants Motion for Summary Judgment, Document 23 (hereafter NFA Motion). The NFA Motion does not establish sufficient

proof of the full extent of the definitions and requirements of the self reported symptoms provision of the Plan. The NFA Motion offers no proof that the "self reported symptoms provisions of the Plan" do not violate the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq. The NFA Motion only contains a statement that the "provisions" were used to "terminate" plaintiffs benefits (NFA's Statement of Undisputed Facts, hereinafter Facts, page 2, at 7); The NFA Motion contains in no place supporting actuarial evidence or any clear statement in the Facts that the Plan specifically operates without supporting actuarial data where establishing such proof is required to be submitted by NFA in the NFA Motion. See e.g. S. Rep. No. 116, 101st Cong., at 85 (1989) & H.R. Rep. No. 485, 101st Cong., 2d Sess., pt. 2, at 137, reprinted in 1990 U.S. Code Cong. & Admin. News 303, 420 (benefits plans allowed to continue business practices "so long as they carry out those functions in accordance with accepted principles of insurance risk classification."). See also *Black & Decker Disability Plan v. Nord* (02-469) 538, U.S,. 822, (2003), "Plan administrators may not arbitrarily refuse to credit a claimant's reliable evidence". The NFA Motion does not show any "proof" that Prudential Insurance Company of America, the Plan Provider, (hereafter Prudential) uses no actuarial data or other specific policies under the "self reported symptoms provisions of the Plan".

Because matters in this litigation pertain to a suit brought under the ADA, NFA has a special duty to show proof of all requirements under the "self reported symptoms provisions of the Plan". See e.g. *EEOC v. Whitin Machine Workers, Inc.*, 635 F.2d 1095, 1097 (4th Cir. 1980) (when facts are "within [the] unique knowledge" of defendant, it bears burden of proof concerning these facts); see also U.S. Equal Employment

Opportunity Commission, 915.002, Section C, The Respondent's Burden of Proof, http://www.eeoc.gov/policy/docs/guidance.pdf. (burden of proving actuarial justification for disability-based insurance distinction is on defendant.).

The NFA Motion advances no "proof" that the Plan has no actuarial data leaving plaintiff with the burden of discovering if such data exists. Plaintiff alleges that NFA has intentionally obstructed attempts by plaintiff to obtain the identity of all relevant Plan documents where having the identity of Plan documents would allow plaintiff the ability to seek such documents from a third party. The Motion to Compel is required by plaintiff to establish sufficient proof that there is, or is not, any other written instrument in the Plan apart from Exhibit H that have definitions for the "self reported symptoms provisions of the Plan". Plaintiffs ability to acquire documents from a third party requires that such documents be properly identified. See Federal Rules of Civil Procedure 34(b) Depositions and Discovery "[t]he request shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity". See also 29 CFR 2520.104b-1 (b)(3) ("For purposes of [ERISA] section 104(b)(2)…[s]uch documents must be clearly identified). Currently, Plaintiff has no way to determine the extent of any additional documents, if they do exist, be they one binder, or an entire library of Operations Manuals.

The Court recognizes plaintiff's status as a Plan participant; see Lorraine Femino v. NFA Corporation, CA 06-513, page 6, at 24, 25. See also ERISA 502(a)(3), 29 U.S.C. 1132. Civil enforcement, "(a) A civil action may be brought (3) by a participant, beneficiary, or fiduciary" (plaintiff is neither a beneficiary or fiduciary in the Plan). The Americans with Disabilities Act of 1990, (ADA), Section 501, 42 U.S.C. 12201 states in

(b) Relationship to Other Laws.—"Nothing in this Act shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law". As a Plan Participant requesting Plan information, plaintiff, must look to the named Plan Administrator for information "and not to any other person"; *Curtiss Wright v. Schoonejongen*, 514 U.S., 73 at 79 (1995). A Plan administrator has a special duty to offer "complete and accurate" disclosures about provisions that are "confusing" or "likely to be misunderstood." *Harte v. Bethlehem Steel*, 214 F.3d 446, at 448 and 452-3 (3d Cir. 2000).

On information and belief Plaintiff alleges that NFA has repeatedly used intentional strategy of silence and omission for the purpose of interfering with Plaintiffs ability to litigate the claims of discrimination in the instant case in violation of ADA Section 503(b); 42 U.S.C. 12203(b) Interference. On information and belief, plaintiff alleges that material omission of actuarial or other supporting data from this courts review would harm plaintiffs case. The ADA provides remedies for violations of 42 U.S.C. 12203(b) as stated under 42 U.S.C. 12203(c) Remedies and procedures. –

> "The remedies and procedures available under sections 12117, 12133, and 12188 of this title [sections 107, 203 and 308] shall be available to aggrieved persons for violations of subsections (a) and (b) of this section, with respect to subchapter I, subchapter II and subchapter III, respectively, of this chapter [title I, title II and title III, respectively]".

Plaintiff does intend to seek assistance and intervention from the EEOC as may be provided under 42 U.S.C. 12203(c) if NFA fails to cooperate fully in providing plaintiff with the identity of written Plan instruments apart from Exhibit H and in the full spirit of any Order this Honorable Court may grant.

For the reasons stated herein, Plaintiff respectfully requests this Court grant plaintiffs Motion to Compel Discovery by Admission from NFA as to whether or not any other written instruments exist in the Plan apart from the document Exhibit H and where such other written instruments may exist, Plaintiff respectfully requests that the Court order NFA to identify by name any such other written instruments.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATION OF ATTEMPTS TO OBTAIN ADMISSION

The undersigned hereby certifies on this 23rd day of February, 2007, that I have made repeated but unsuccessful attempts to obtain an admission from NFA as to whether or not there exists any other written instruments in the Plan apart from the document Exhibit H.

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd day of Febuary, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933