**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

**PLAINTIFFS REPLY TO DEFENDANTS MEMORANDUM IN OBJECTION TO PLAINTIFFS MOTION FOR ENLARGEMENT OF TIME FOR DISCOVERY CLOSURE AND TO FILE DISPOSITIVE MOTION**

Plaintiff files the following reply to NFA's objection to Plaintiffs Motion for Enlargement of Time where NFA bases the Objection on NFA's burden of "incurred costs". Plaintiff alleges that any burden on NFA is by their own hand based on the following; NFA rushed forward a Motion for Summary Judgment with knowledge of alleged unresolved material issues in this litigation under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq; NFA did ignore all requirements to submit in the Motion for Summary Judgment required written actuarial justification. (Document 23); NFA has filed a Statement of Undisputed Facts omitting any clear statement that the Plan operates without actuarial data supporting the Motion's omission of all actuarial data (Document 23, exhibit 2); NFA refuses to resolve a prior Request for Admission critical to the instant case where NFA "will neither admit or deny" the existence of actuarial data or other documents (see Document 25 page 2, ¶ 2); NFA will not consider an offer by plaintiff to voluntarily end this action on terms that

NFA provide reasonable proof that the document Exhibit H is the exclusive written Plan instrument (see Document 25, page 2, ¶ 2). In spite of the alleged lack of adherence by NFA to EEOC standards in NFA's Motion for Summary Judgment as described herein, NFA is petitioning the Court for attorneys fees from plaintiff (Document 24).

Plaintiff did contact NFA last week and made repeated attempts at resolving the open issues in this litigation. Plaintiff alleges that NFA has not made any attempt to return plaintiff's last call or send an email to finalize a resolution.

Plaintiff respectfully requests the Court consider the total recent history of interference by NFA towards plaintiffs ability to obtain information critical to this complaint. Plaintiff has made attempts to obtain document identity information from Prudential and has been refused assistance. At this time, Plaintiff has no way to determine if any additional plan documents actually exist, or if they are contained in a single binder, or comprise an entire library of operations manuals.

Because of the alleged ongoing interference by NFA on this matter, Plaintiff has contacted the Equal Employment Opportunity Commission (EEOC) intending to open an investigation against NFA on violations of the Americans with Disabilities Act of 1990 (ADA) Section 503(b); 42 U.S.C. 12203(b) Interference.

Plaintiff intends to seek a Notice of Right to sue from the EEOC specifically on allegations that NFA intentionally interfered with plaintiff's access to the identity of Plan documents that may exist in the Plan. This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331 and 1345. Pursuant to 28 U.S.C. § 1391, venue is proper in this District because the claim arose

within this District. This Court has authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §§ 2201 and 2202.

Plaintiff will continue all attempts to resolve this matter before making any new claims in the instant case and will file the new action only as a last resort. Should plaintiff not be able to resolve this matter with NFA, plaintiff will quickly seek a Continuance in the instant case until such time that plaintiff does receive a Notice of Right to Sue from the EEOC.

Plaintiff respectfully requests that the Court give consideration in this matter to plaintiffs poverty and the 2 years of litigating while disabled, as compared against the resources of NFA Corporation. For the reasons stated herein, plaintiff respectfully requests plaintiffs Motion for Enlargement of Time be Granted and NFA's Objection be Denied.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 23rd day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933