UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| VS. | : | Civil Action No. 06-143ML |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**PLAINTIFFS MOTION TO STRIKE PORTIONS OF DEFENDANTS LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff Lorraine Femino hereby moves to strike certain portions of the Defendants Local Rule Cv 56 Statement of Undisputed Material Facts. In support of this motion, Plaintiff relies upon the legal arguments and legal authorities set forth in the accompanying Memorandum of Law.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION TO STRIKE PORTIONS OF DEFENDANTS LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS**

## I. INTRODUCTION

Plaintiff Lorraine Femino has moved to strike portions of the Defendants Local Rule Cv 56 Statement of Undisputed Material Facts. As detailed herein, certain purported "facts" set forth in defendants statement constitutes *inter alia*, arguments opinions, speculation, hearsay, and are not supported by admissible record evidence. As such, the offending portions of defendants statements should be stricken and disregarded for purposes of adjudicating defendants motion for summary judgment.

## II. LEGAL STANDARD

Local Rule 56 mandates that a motion for summary judgment be accompanied by a Statement of Undisputed Facts that concisely sets forth the facts which the movant contends are undisputed and entitle that party to judgment as a matter of law. DRI LR Cv 56(a)(1). Each fact set forth in the statement "shall identify the evidence establishing that

fact," unless the fact has been expressly acknowledged as undisputed. DRI LR Cv 56(a)(2).

The question of admissibility is governed by Rule 56(e). That rule provides: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein". See *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). See *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991) ("It is apodictic that an affidavit . . . made upon information and belief . . . does not comply with Rule 56(e).")

Under Federal Rule of Civil Procedure 56(e), on summary judgment, the parties in their supporting affidavits "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." See *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (emphasis supplied). "A court may therefore strike portions of an affidavit that are not based upon the affiants personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements" *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.), cert. denied, 528. U.S. 965 (1999).

## III. ARGUMENT

Paragraph 7.

> Benefits were subsequently terminated in 2003 based on the self-reported symptoms provision of the Plan limiting recovery for disabilities based on self reported symptoms to 24 months.

Discussion: The final clause in this statement is a conclusion. Defendants present no facts, affidavits or clear statements, that the documents used by Prudential Insurance Company of America, the Plan Provider (Prudential) to terminate plaintiffs benefits at the "24 month" point are "provisions of the Plan" as are contained in Defendants Statement of Undisputed Facts. Even if Defendants are somehow resurrecting a prior Plan document being Exhibit H from Femino I, the arguments pertaining to the "24 month" provision were not examined or ruled upon in Femino I. Defendants provide no affidavit stating the specific Plan documents or "provisions" used by Prudential to terminate plaintiffs benefits. See *Carmona* 215 F.3d 131 "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." (quotations and citations omitted). To the extent NFA is relying on Prudential's benefit determination at the 24 month stage, NFA's provides no facts and NFA's statements in this matter pertaining to the 24th month provisions are hearsay without all of the supporting documents Prudential used. Further, NFA has invented names for Plan documents where such invented names do not appear in any of the documents themselves. See 29 CFR 2520.104b-1 (b)(3) ("For purposes of [ERISA] section 104(b)(2)…[s]uch documents must be clearly identified). NFA

provides no affidavit that the Plan recognizes the names for Plan documents assigned by NFA in the matter of the 24th month Plan provisions limiting Plan benefits.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff Lorraine Femino requests that the Court grant its Motion and strike the portion of defendants Statement of Material Facts that do not meet the standards for admissibility of evidence at summary judgment

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933