**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## Sworn Affidavit of Lorraine Femino

I, Lorraine Femino, being duly sworn according to law, do hereby depose and say:

1. I am Plaintiff in this case residing at 4 Bayou Drive, Greenville, Rhode Island, and I am presently pro se in the matter now before this Court.

2. At a time in 2002, I received from NFA a 35 page document entitled "Your Group Benefits" (hereafter SPD1) which described terms of the 1999 amended "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (hereafter Plan).

3. When I received SPD1 in 2002, I believed the entire document, consisting of pages 1-35, was exclusively the Summary Plan Description for the Plan and relied on the document as being only the Summary Plan Description.

4. I received from Prudential Insurance Company of America (Prudential) a Notice of denial of benefits dated March 1, 2004 stating that my disability benefits from the Plan were terminated based on the claim not meeting "contractual requirements" where I did believe the notice was accurate with regards to the existence of a Plan contract.

5. In the period between April, 2004 and September, 2004, I received verbal information from Prudential claims representatives which I believed was reliable indicating that the Plan had policies that arbitrarily excluded my doctors medical evidence pertaining to fibromyalgia and believed these policies were in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq.

6. I believed policies excluding my doctors medical evidence in the Plan were in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq; and I did file a complaint with the Rhode Island Commission of Human Rights (RICHR), EEOC complaint #16JA400282 against NFA on or about September 8, 2004 based on my belief that the policies were in violation of the ADA.

7. On or about October 19, 2004, I received verbal information from Prudential claims representative Damon Crawford which I believed and understood to mean that the Plan had enforced specific contractual policies in my denial of benefits determination which excluded all of my medical evidence pertaining to fibromyalgia from all disability reviews.

8. I did make a written request for assistance to NFA in November, 2004 asking for assistance on the specific matter of alleged discriminatory Plan policies I believed Prudential was enforcing to exclude my doctors medical evidence from disability reviews.

9. I did not receive any response from NFA that helped me to understand what Plan policies were being used by Prudential to allegedly exclude from all disability reviews my doctors medical evidence.

10. In December 2004, I received from the Rhode Island Commission of Human Rights (RICHR) what I believed to be a true and correct copy of a sworn affidavit RICHR had told me was an affidavit NFA provided to RICHR in the matter of my EEOC complaint #16JA400282, dated October 19, 2004, by Dorothy Mattiello, Vice President of Human Resources, NFA Corp. d/b/a Hope Global, where the affidavit included a sworn statement on page 1, at 3, "Hope Global is a party to a contract with Prudential Insurance Company for the purpose of providing eligible Hope Global employees with long-term disability benefits to provide them with some financial protection in the event of a non-work-related disability or accident".

11. I relied upon information from the affidavit in (10) above to the point that I believed that NFA knew about the Plan contract Prudential was enforcing against my claim for benefits and that NFA would eventually provide requested information on contractual policies to me.

12. In March, 2005, I received written information from NFA Corporation stating "The current Summary Plan Description is referred to as "SPD1" in the Complaint" where I did rely on the information to reaffirm my understanding that SPD1 was exclusively the Summary Plan Description since I had used SPD1 as my reference for the Summary Plan Description in the Complaint for Femino I.

13. I did file a Motion to Compel discovery of all Plan Documents dated December 5, 2005.

14. On January 17, 2006, I was deposed by NFA and in the deposition I was shown a copy of SPD1 by NFA's Counsel where Counsel referenced SPD1 as Defendants Exhibit H and where I did testify that I knew Exhibit H to be the Summary Plan Description.

15. At no time during or after the January 17, 2006 deposition did I receive proof from Counsel for NFA showing that the Plan did not define Exhibit H to be the Summary Plan Description.

16. I was denied the Motion to Compel Discover of documents in Court Order dated January 25, 2006, based on what I understood was NFA's testimony of an undue burden.

17. I believed that NFA's undue burden would eventually be over and NFA would soon provide all Plan Documents including the contract.

18. On March 28, 2006, I did file Femino II, CA 06-143 on reasonable information and belief that the contract contained discriminatory policies that violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq; and that SPD1 was the Summary Plan Description.

19. On March 29, 2006, I did receive from NFA a written document stating Exhibit H was the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" in Femino I.

20. In June 2006 pertaining to Femino II, I did begin to request if NFA would give assistance in obtaining the Plan contract but was refused any material assistance that produced the contract.

21. On June 8, 2006 I did file a Motion to Compel Discovery in Femino II to obtain the contract based on a belief that NFA was required by ERISA to have a copy at the office of the Plan Administrator.

22. On September 11, 2006 I learned that my Motion to Compel was denied for reasons I did not understand.

23. On September 23, 2007, I did submit to NFA a Request for Admission to identify documents I was missing for the purpose of a subpoena to Prudential. I received from NFA a response neither admitting or denying the Request for Admission.

24. I filed motions for appeal to District and was denied appeal in Order dated October 25, 2006 for reasons I did not understand.

25. On December 9, 2006 I wrote to Prudential asking for assistance in identifying the names of Plan documents apart from Exhibit H, but was refused assistance from Prudential where Prudential did state in writing to me that I had to obtain all information from the Plan Administrator.

26. As of the date of this sworn affidavit, I have not received any information from NFA providing reasonable proof that Exhibit H is the exclusive written instrument for the Plan.

27. At no time during my claim for Plan benefits and during subsequent appeals to denial of benefits did Prudential have me examined by a doctor of their choosing.

28. Information recently provided to me by NFA has caused me to not understand the Notice of denial of benefits provided to me from Prudential where Prudential did state to me that my benefits were terminated by contractual provisions in the Plan and NFA's claim that Exhibit H is the Plan document and is not in any place identified as being the Plan contract.

29. To protect my rights to any possible claim for benefits I may have in the Plan against an approaching statute of limitations for filing a claim against the Plan, I filed on November 27, 2006, Femino v NFA, CA 06-513 (Femino III) for the purpose of reconciling information in my notice of denial of benefits which I do not understand and on belief that there may not be a separate Plan Contract.

30. I will voluntarily terminate all claims against NFA in litigation Femino II, CA 06-143, if NFA will provide proof that Exhibit H is the exclusive written instrument in the Plan defining a payable claim.

31. I remain disabled in accordance with 42 U.S.C. § 12102(2) where; 1) I am diagnosed with a physical impairment that substantially limits my major life activities; 2) I have a regular record of care for such disability from my doctor for my diagnosed impairment; and 3) I am regarded by the Social Security Administration as being totally disabled and receiving regular monthly benefits for such disability from the Social Security Disability Administration based on a determination of my being totally disabled.

32. As a result of my disability, I remain heavily medicated 24 hours per day where I am regularly impaired due to the medications on my ability to provide quick and clear answers.

33. I filed with Prudential into my claim file a medical opinion from my doctor in December 2004 where the statute of limitations protecting my rights to file a claim against the Plan will expire on or about December 2007.

34. I have relied on and continues to rely on NFA in their capacity as the Plan Administrator to provide accurate Plan information to me.

35. I have previously not filed any claims against the Plan for benefits because I believe I did not had sufficient information to make a claim against the Plan for the denial of benefits.

The information in this affidavit is truthful and correct and is provided voluntarily under the penalties of perjury.

Lorraine Femino
4 Bayou Drive
Greenville, Rhode Island, 02828

Subscribed and sworn to before me this 26th day of February, 2007

Notary Public
My Commission Expires

Jean-Marie Daniels
Notary Public, Rhode Island
My Commission Expires 4/3/2010