**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |
| | : | |

**PLAINTIFFS MOTION IN OBJECTION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Lorraine Femino hereby moves for objection to summary judgment on all claims contained in defendants Motion for Summary Judgment. In support of this motion, plaintiff relies upon its Local Cv 56 Statement of Undisputed Facts and Memorandum of Law In Support of Plaintiffs Motion in Objection to Defendants Motion for Summary Judgment.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26 th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino
Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

The NFA Motion for Summary Judgment (hereafter Motion) submitted by NFA Corporation (hereafter NFA) is based on a legal interpretation that the safe harbor provisions of the ADA provide universal protections to all insurers. The motion puts forward no supporting case law that such universal protections are endorsed by the Courts or the EEOC. The motion advances no actuarial data in spite of NFA's duty to provide supporting actuarial data as a respondent in an EEOC case. The Motion is based largely on a single conclusion that any policy is protected under safe harbor provisions.

On the ERISA matters, the Motion is based on a legal interpretation on the doctrine of res judicata (hereafter res judicata) that does not match the history or facts of prior litigation between Femino and NFA. Nor does the Motion make any attempt to state whether or not Plaintiff remains a Plan participant.

The Motion fails in 4 ways being; 1) failure to show with specificity how any Plan document in the Plan has been previously proven to be correct in accordance with Plan terms; 2) failure to show with evidence or specificity that any prior final judgment has established a true and correct identity to any or all Plan documents in the Plan; 3) failure to demonstrate by evidence that NFA made all disclosures to plaintiff in a manner that were consistent, accurate, and understandable; 3) failure to show with sufficient statutory language or legal citation how any prior litigation has immunized NFA from ERISA obligations as the Plan Administrator to plaintiff as a Plan Participant.

The Motion argues general conclusions that since there was prior litigation against the Plan Administrator, plaintiff's protected rights under ERISA to possible Plan benefits have become impaired. The Motion's general conclusions that res judicata trumps ERISA protections wipes away decades of established statutes, regulations, and Court rulings in the opposite direction. The Motion is based on conclusory allegations, improbable inferences, and unsupported speculation. The Motion does not come close to establishing a right to summary judgment and should be denied.

**PERTINENT FACTS**

Plaintiff remains totally disabled and is also a Plan participant (Plaintiffs Lorraine Femino's Statement of Undisputed Facts, (Facts) Page 1 at 1). Plaintiff has believe that the Plan has specific policies that excluded all of plaintiffs doctors medical evidence in terminating plaintiffs Plan benefits (Facts p 2 at 8). At no time during plaintiffs claim for Plan benefits and during subsequent appeals to denial of benefits, did Prudential have plaintiff examined by a doctor of Prudentials choosing. (Facts p 5, at 20) Exhibit H is a document carrying a title on the

cover "Your Group Benefits" (hereafter Exhibit H) and was provided to Plaintiff in 2002 as the written Plan instrument to provide plaintiff with Summary Plan Description information. (Facts, p2 at 6) Exhibit H is in no place identified as being either a "Group Contract" or a "Plan Document" for the Plan. (Facts, 6 at 26, 27) The Plan is based on a Group Contract. (Facts, p 5 at 25). Plaintiff did attempt to obtain the Plan Contract in a Motion to Compel but was denied in Court Order (Facts, p 3, at 12). Prior to March 29, 2006, plaintiff was given information by NFA and its representatives that Exhibit H was the Summary Plan Description and that the Plan was based on a "contract". (Facts, page 3 at 10, 11 and p 4 at 13) NFA did not provide any proof that the Plan did not recognize Exhibit H as being exclusively the Summary Plan Description (Facts, p 4 at 13). On March 29, 2006, plaintiff did receive from NFA a written document showing Exhibit H was now identified as the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" in Femino v NFA Corp., WL 1997626 at 4 (D.R.I) ("Femino I"). (Affidavit, p 5, at 19). Plaintiff did attempt to obtain the contract from NFA again in a Motion to Compel in Femino v NFA Corp., CA-143, but that Motion was denied (Facts, p 4 at 16). Plaintiff did attempt to obtain information from NFA if any other documents existed in the Plan apart from Exhibit H but NFA would neither admit or deny the request (Facts, p 4 at 17). Plaintiff filed the lawsuit, Femino v. NFA Corp., CA 06-513 ("Femino III") to protect possible interests in Plan benefits on belief that there might not be a separate contract apart from Exhibit H. (Facts, p 5 at 19)

## LEGAL STANDARD

The Civil Rules authorize federal courts to grant summary judgment only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When the summary judgment record is compiled the trial court must scrutinize it "in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor," *Griggs-Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is only appropriate if "the record discloses no trial worthy issue of material fact and the moving party is entitled to judgment as a matter of law." *Alexis v. McDonald's Rests. Inc.*, 67 F.3d 341, 346 (1st Cir. 1995). The Court must disregard "conclusory allegations, improbable inferences, and unsupported speculation," *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990); *Smith v. F.W. Morse & Co.*, 76 F.3d 413, 428 (1st Cir. 1996).

## I. <u>ARBITRARY PREQUALIFICATION DISQUALIFICATION OF CERTAIN MEDICAL EVIDENCE DOES VIOLATE THE ADA</u>

The NFA Motion contains in no place supporting actuarial evidence or any clear statement in the NFA's Statement of Undisputed Fact (NFA Facts) that the Plan specifically operates without supporting actuarial data where establishing such proof is a requirement of NFA. Because this matter pertains to a suit brought under the *Americans with Disabilities Act of 1990* (ADA), NFA has a special duty to show proof of all requirements under the "self reported symptoms provisions of the Plan". See e.g. *EEOC v. Whitin Machine Workers, Inc.*, 635 F.2d

1095, 1097 (4th Cir. 1980) (when facts are "within [the] unique knowledge" of defendant, it bears burden of proof concerning these facts).

The Motion does not offer any explanation for the absence of all actuarial data where the legislative history and Court decisions require such actuarially based business practices. See e.g. S. Rep. No. 116, 101st Cong., at 85 (1989) & H.R. Rep. No. 485, 101st Cong., 2d Sess., pt. 2, at 137, reprinted in 1990 U.S. Code Cong. & Admin. News 303, 420 (benefits plans allowed to continue business practices "so long as they carry out those functions in accordance with accepted principles of insurance risk classification."); see also *Black & Decker Disability Plan v. Nord* (02-469) 538, U.S,. 822, (2003), "Plan administrators may not arbitrarily refuse to credit a claimant's reliable evidence".

NFA does not certify the "24 month" provision of the Plan as being only the written terms as are contained in Exhibit H. "Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." See *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (emphasis supplied). "A court may therefore strike portions of an affidavit that are not based upon the affiants personal knowledge, contain inadmissible hearsay, or make generalized and conclusory statements" *Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir.), cert. denied, 528. U.S. 965 (1999).

**a. The Safe Harbor Provision does not Protect Arbitrary Exclusions of Medical Evidence**.

The Motion puts forward no evidence that the legal citations in the Motion claiming protections under "safe harbor" are relevant to the policies of the Plan alleged by Plaintiff to be discriminatory. See *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a

particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted"). The entire Motion relies on a conclusion that if some Plans can exclude medical evidence from a disability review, then all arbitrary policy of exclusion do not violate the ADA.

Defendants present no facts, affidavits or clear statements, that the documents used by Prudential Insurance Company of America, the Plan Provider (Prudential) to terminate plaintiffs benefits at the "24 month" point are "provisions of the Plan" contained exclusively in Exhibit H. See *Carmona* 215 F.3d 131 "To be admissible at the summary judgment stage, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)." (quotations and citations omitted). To the extent NFA is relying on Prudential's benefit determination at the 24 month stage, NFA provides no facts, statements, or affidavits to certify the 24 month provisions are consistent with any legal citation in the Motion.

## II. PLAINTIFFS ERISA CLAIMS ARE NOT BARRED BY THE DOCTRINE OF RES JUDICATA

**1. NFA does not show how plaintiffs possible claim against the Plan would harm NFA or that the Plan has any rules that cause forfeiture of participant rights or benefits if a claim is previously made against the Plan Administrator for breach of fiduciary duties.**

NFA fails to state sufficient identity between cause of action in the ERISA actions and how it would impact NFA in a claim Plaintiff might bring against the Plan where NFA could not be a defendant. In a claim for benefits specifically brought against the Plan, Prudential and the

Plan would be the only defendants in a claim for benefits. NFA implies that plaintiff must forfeit statutory protections plaintiff may be entitled to under ERISA because plaintiff has previously raised a claim against the Plan Administrator. NFA provides no statutory language or legal citations to show Congress or the Courts have endorsed such a position in ERISA.

ERISA was enacted "to promote the interests of employees and their beneficiaries in employee benefit plans," *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 90 (1983), and "to protect contractually defined benefits," *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 US 134, 148 (1985). See generally 29 U.S.C. 1001 (setting forth congressional findings and declarations of policy regarding ERISA). Even if a rule existed in the Plan specifying forfeiture of contractually guaranteed rights and benefits under ERISA for a filing a claim against the Administrator, such rules could not be enforced if they in any way impaired rights to obtain earned benefits. See *Heidgerd v Olin Corp.*, 906 F.2d 903 (2nd Cir 1990); *Burke v. Kodak Ret. Inc Plan*, 336F.3d 103, 111 (2nd Cir. 2003).

**a. NFA does not establish that obtaining Plan information by alternative means would not infringe or impair plaintiff's protected rights to accurate information to facilitate a claim against the Plan.**

NFA's infers in the Motion that plaintiff had the ability to obtain plan information by alternative means from the Plan Administrator. This is inconsistent with the legislative history and decades of Court decisions.

In this litigation, the Court recognizes plaintiffs status as a Plan participant. See ERISA 502(a)(3), 29 U.S.C. 1132. Civil enforcement, "(a) A civil action may be brought (3) by a participant, beneficiary, or fiduciary" (plaintiff is neither a beneficiary or fiduciary in the Plan).

ERISA § 402(b) specifies "requisite functional features" for "[a] procedure under the plan for the allocation of responsibilities for the operation and administration of the plan," *Curtiss-Wright v. Schoonejongen*, supra, 514 U.S. at 82. (quoting 29 U.S.C. § 1102(b)(2)). The Supreme Court also held that if a plan document has general or detailed procedures, the courts must enforce those procedures as statutory obligations: "whatever level of specificity a company ultimately chooses, in an amendment procedure, or elsewhere, it is bound to that level." *Schoonejongen*, supra, 514 U.S. at 85. The "procedure" for "administration" in the Plan is described on page 33 of Exhibit H by the identification of NFA as the Plan Administrator which establishes that in matters pertaining to Plan Administration, plaintiff must look only to NFA "and not to any other person". *Schoonejongen*, supra, 514 U.S. at 79.

Plaintiff relies on the plan fiduciary to provide accurate Plan information.(Fact p5, at 24)) A "fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information" *Farr v. U.S. West*, 151 F.3d 908, 913 (9th Cir. 1998), cert. denied U.S., 120 S. Ct. 935 (2000). ERISA is a " 'comprehensive and reticulated statute,' the product of a decade of congressional study of the Nation's private employee benefit system." *Mertens v. Hewitt Associates*, 508 U.S. 248, 251 (1993) (quoting *Nachman Corp. v. Pension Benefit Guaranty Corporation*, 446 U.S. 359, 361 (1980)). As such, the Supreme Court has held reluctance "to tamper with [the] enforcement scheme" embodied in the statute by extending remedies not specifically authorized by its text. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985).

NFA does not show any evidence that alternative methods to obtain Plan information would not impair plaintiffs rights to ultimately submit a claim to Prudential by imposing new

fees or procedures. Holding a plan participant accountable to alternative means other than ERISA prescribed methods would tamper with 29 CFR 2560.503-1, claims procedure, which requires in pertinent part;

(b) The claims procedures for a plan will be deemed to be reasonable only if—

(3) "The claims procedures do not contain any provision, and are not administered in a way, that unduly inhibits or hampers the initiation or processing of claims for benefits. For example, a provision or practice that requires payment of a fee or costs as a condition to making a claim or to appealing an adverse benefit determination would be considered to unduly inhibit the initiation and processing of claims for benefits".

(5) "The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants".

**b. NFA does not establish that the correct identity of Plan documents is a settled matter.**

NFA points to no prior litigation that has settled matters that the document Exhibit H is also the Plan contract for the specific matters identified in the complaint. See *Drake v. Minnesota Mining & Mfg. Co.*, 134 F.3d 878, 883 (7th Cir. 1998) ("Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted."). See also Facts, p 5 at 25 (The name "Plan" in the Plan is defined as a line of coverage under the Group Contract). Plaintiff alleges that this matter is at the heart of all confusion in Femino I, II, III and demands a resolution.

**c. NFA does not show any legal citation or statutory language that a Notice provided to plaintiff under ERISA Section 503; 29 U.S.C. § 1133 does not have to be an "understandable" Notice.**

NFA provides no evidence that plaintiff's notice of denial of benefits is understandable in the meaning of 29 U.S.C. § 1133. An understandable notice is crucial to establishing a possible claim against the Plan since NFA renamed Plan documents on March 28, 2006 (Facts, p3,4 at 11 – 15). Plaintiff does not seek any document in this action (Facts, p5 at 19). Plaintiff only seeks to know if the document Exhibit H is the same document as the Group Contract. NFA refuses to provide an answer on this matter. (Fact 4, at 17)

As a statutory requirement, NFA has fiduciary duties in plan administration. See *Pegram v. Herdrich*, U.S., 120 S. Ct. 2143, 2151 (2000) (Holding a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor to a plan"). See also ERISA Sec. 3(21); 29 U.S.C. 1003(21). Prudential is not a named Plan fiduciary (Facts p1, at 3). Plaintiff's request for relief in Femino III is for an "understandable" answer from the Named Plan fiduciary to ambiguities in the "Notice" provided to plaintiff where an "understandable" notice is a statutory requirement under ERISA Section 503; 29 U.S.C. § 1133.

The plain language of ERISA § 503 is clear and unambiguous that plaintiff is entitled to an "understandable" notice of denial of benefits. If the language of a statute "is plain and admits of no more than one meaning" and "if the law is within the constitutional authority of the law-making body which passed it," then "the duty of interpretation does not arise" and "the sole function of the courts is to enforce the statute according to its terms." *Caminetti v. United States*, 242 U.S. 470, 485 (1917); see also *Chevron USA Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-43 (1984). The plain meaning of a statute's text must be given effect

"unless it would produce an absurd result or one manifestly at odds with the statute's intended effect." *Parisi by Cooney v. Chater*, 69 F.3d 614, 617 (1st Cir. 1995)

**d. NFA does not prove ERISA limits claims under § 502(a)(3); 29 U.S.C. § 1132(a)(3) when separate and distinct breaches of fiduciary duty can be shown**

NFA puts forward a conclusion in the Motion not backed up by any statutory language or legal citation that concludes ERISA § 502(a) is a "use only once" protection for Plan participants. ERISA expressly authorizes plan participants to sue to enjoin breaches of fiduciary duty under 29 U.S.C. § 1132(a)(3). See *Varity Corp. v. Howe*, 116 S. Ct. 1065 (1996), (holding that 29 U.S.C. § 1132(a)(3) may permit equitable relief against a plan administrator for breach of the fiduciary duty imposed on such administrators by ERISA). The Supreme Court recognized that "Congress intended the general 'catchall' provisions of [ERISA § 502(a)(3)] to act as a safety net". *Varity Corp. v. Howe et al.*, supra, 516 U.S. 489. NFA concludes that the doctrine of res judicata "immunizes" a Plan Administrator from multiple actions brought under ERISA § 502(a)(3) without citing case law specific to ERISA § 502(a)(3).

A plan participants right to statutorily protected information to protect possible benefit claims can be made under either ERISA § 502(a)(1) or ERISA § 502(a)(3). See e.g. *Cooper vs. IBM Personal Pension Plan*, 274 F.Supp.2d 1010 (S.D. Ill. 2003). ("The plain language of [ERISA § 502(a)(3)] confers statutory standing to plan participants,…who seek to protect their employee benefit rights"). see also *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117-18 (1989). (A plan participant is defined as those who "may become eligible" to receive benefits who "have a colorable claim that . . . he or she will prevail in a suit for benefits.").

Congress did not impose a once only criteria under ERISA § 502(a)(1)(A) and the companion ERISA § 502(c) to claim penalties in the matter of requests for "information". The

plain language of ERISA § 502(c) states; "(1) Any Administrator…(B) who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary".

The plain meaning of a statute's text must be given effect "unless it would produce an absurd result or one manifestly at odds with the statute's intended effect." *Parisi by Cooney v. Chater*, 69 F.3d 614, 617 (1st Cir. 1995). Of course, we focus on "the plain meaning of the whole statute, not of isolated sentences." *Beecham v. United States*, 511 U.S. 368, 372 (1994), and we interpret the statute's words "'in light of the purposes Congress sought to serve,'" *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 118 (1983) (quoting *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 608 (1979)).

ERISA does not bar multiple claims under ERISA § 502(c)(1)(B); 29 U.S.C. § 1132(c)(1)(B) where and Administrator "fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary". In this matter the Court should apply a similar standard to ERISA Section 503; 29 U.S.C. § 1133.

**e. The Doctrine of res judicata cannot cause plaintiff to forfeit statutorily guaranteed protections under ERISA to receive accurate information from NFA in an ERISA prescribed manner.**

NFA provides no evidence that plaintiff is not a plan participant, or that plaintiff has at any time forfeited statutorily protected rights under ERISA. The Supreme Court has held that "Congress intended in ERISA section 404(a) to incorporate the fiduciary standards of trust law into ERISA". *Massachusetts Mutual Life Ins. Co. v. Russell*, 473 US 134, 153 (1985). Individual protections for participants under ERISA § 404, 29 U.S.C. § 1104 for a breach of

fiduciary duty are guaranteed under *Varity Corp. v. Howe et al.*, 516 U.S. 489 (1996). Under 29 U.S.C. § 1104(a)(1), plan fiduciaries are required to "discharge duties with respect to a plan solely in the interest of the participants and beneficiaries". See also Restatement of Trusts, section 173, comment d, which holds "[t]he trustee is under a duty to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection". See also *Armstrong v. Jefferson Smurfit Corp.*, 30 F.3d 11, 12 (1st Cir. 1994) (holding a fiduciary must disclose material facts of which plan participants are unaware but need to know in order to protect their interests in dealing with third parties). ERISA requires the fiduciary to employ "care, skill, prudence, and diligence" in the duties of Plan administration *Beddal verses State Street Bank and Trust Company*, 137 F. 3d 12, 18 (First Circuit 1998) (quoting 29 U.S.C. § 1104(a)(1)(B)).

**2. NFA's claims that all facts were "readily available" to plaintiff at the time of Femino I is not correct.**

In the Motion, NFA implies that plaintiff did have duties to diligently seek "all facts relevant to plaintiffs claim in Femino I". NFA ignores the facts that NFA misrepresented to plaintiff the identity of Plan documents throughout Femino I (Facts p 3,4, at 11-13, 15). At the last day of litigation of Femino I, NFA released a new and invented identity to Exhibit H. (Facts p4, at 15). NFA has refused to provide any information on the identity of any other plan written instruments. (Facts, p4, at 17) NFA's identity for Exhibit H established on March 28, 2006 is not actually displayed in Exhibit H and is thus is invented by NFA (Facts p 6, at 27); see also 29 CFR 2520.104b-1 (b)(3) ("For purposes of section 104(b)(2)…[s]uch documents must be clearly identified). NFA successfully argued that plaintiff should be denied access to Plan documents in

Femino I in part because NFA could not find the document identified as the contract (Fact p 3, at 12).

ERISA 104(b); 29 U.S.C. § 1024 (b) (Filing and Furnishing of information) "(2) The administrator shall make copies of the latest... contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants." See also *Glaziers & Glassworkers Local 252 Annuity Fund v. Newbridge Sec.*, 93 F.3d 1171, 1181 (3d Cir. 1996) ("duty to disclose material information is the core of a fiduciary's responsibilities").

29 CFR 2520.104b-1 (b)(3) requires in pertinent part "For purposes of section 104(b)(2)...[s]uch documents must be clearly identified and "readily accessible" for plan participants at the "office of the plan administrator".

## 3. Conclusion

For the reasons stated herein, Plaintiff Lorraine Femino requests that the Court grant its Motion in Objection to Summary Judgment and deny defendants motion for Summary Judgment.

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26th day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933