**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS REPLY TO DEFENDANTS OBJECTION TO PLAINTIFFS MOTION TO COMPEL DISCOVERY IN A REQUEST FOR ADMISSION**

Defendant raises a claim that the plaintiffs Motion to Compel Request for Admission (Motion) is unintelligible. For clarity, plaintiff restates the primary matter needing resolution in the Motion as follow;

1) Does NFA admit that there are any other written instruments in the Plan apart from the document Exhibit H [1] containing any terms defining a payable claim?

2) If there are any other documents, what are their identifying names?

The remainder and bulk of plaintiffs Motion to Compel is to state the basis for why this simple admission is vital and critical to move the instant case forward.

---

[1] The identity of the attachment in Defendants Objection has been called many names in the course of Femino I, II, and III being - SPD1; 1999SPD; Defendants Exhibit H; Plaintiffs Exhibit 11; the Summary Plan Description; the "true and correct Summary Plan Description and Plan Document"; "The Certificate of Coverage". The reason for many names is that the document itself is not clearly identified in any place as being the Plan Document. NFA only invented the name "true and correct Summary Plan Description and Plan Document" after March 28, 2006. Prior to that, NFA called it just the "Summary Plan Description" or "SPD1". See e.g. Femino I, Document 8-1, page 4 of 13, ¶ 2, where NFA states "The current Summary Plan Description is referred to as "SPD1" in the Complaint". For consistency, plaintiff now uses "Exhibit H".

Defendants re-submission of Exhibit H in this matter does not answer whether or not there are other written instruments in the Plan defining a payable claim. Defendants state the obvious in the Objection proclaiming "there are no other documents in the defendants possession that alter her rights". Plaintiff already knows that NFA can't find alleged missing documents which is the basis for plaintiff requiring NFA to identify what documents may be missing with reasonable proof, or alternatively, make a clear and unambiguous statement that the Plan does not operate with any other written instruments apart from Exhibit H. NFA infers a premise of "If I can't find it, then it does not exist" which is causing added delay in this matter.

Plaintiff respectfully requests the Court consider that Defendant is the Plan Administrator and has statutory duties of a fiduciary in skillful, diligent, and honest administration. See *Pegram v. Herdrich*, U.S., 120 S. Ct. 2143, 2151 (2000) (Holding a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor to a plan"); See also *Armstrong v. Jefferson Smurfit Corp.*, 30 F.3d 11, 12 (1st Cir. 1994) (holding a fiduciary must disclose material facts of which plan participants are unaware but need to know in order to protect their interests in dealing with third parties).

Plaintiff strongly objects to defendants request for no oral argument given NFA has to date provided only vague and misleading statements. See e.g. Document 23, Motion for Summary Judgment by NFA Corporation, # 2 Exhibit B, (Statement of Undisputed Facts) (where Facts contains no statement that the Plan operates without actuarial data). NFA's resources to be in Court one more time are the resources of a Corporation measured against what denial of justice would do to plaintiff. Plaintiff believes an oral argument will expedite this matter.

Plaintiff respectfully requests that defendants Objection be Denied entirely and plaintiffs request for oral argument be Granted, or alternatively, plaintiffs Motion to Compel be Granted entirely.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26 th day of Febuary, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933