UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| VS. | : | Civil Action No. 06-143ML |
| NFA CORPORATION d/b/a HOPE GLOBAL, et al. | : | |

**PLAINTIFFS LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule Cv 56, Plaintiff Lorraine Femino submits this Statement of Material Undisputed Facts in connection with its Motion in Opposition to Defendants Motion for Summary Judgment. The matters set forth herein are acknowledged as true for purposes of the present motion only.

1. Plaintiff Lorraine Femino remains a Plan Participant in the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (Plan) as defined under ERISA 3(7) being declared totally disabled and where plaintiff remains within the Plans statute of limitations for filing a claim. (Attachment 1, Sworn Affidavit, Lorraine Femino (hereafter Affidavit), p7, at 31 and p 8, at 33).

2. NFA is the Named Plan Fiduciary as defined under ERISA§ 3 (21).

3. Prudential is not Named as a Plan Fiduciary in the Summary Plan Description.

4. Prudential is not delegated with duties of the Plan Administrator in the Plan.

5. Prudential is not delegated with fiduciary duties of the Plan Administrator in the Plan.

6. In 2002, NFA provided plaintiff with a 35 page document entitled "Your Group Benefits" (hereafter SPD1) which described terms of the 1999 amended "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (hereafter Plan) where Plaintiff did believe the entire document, consisting of pages 1-35, was exclusively the Summary Plan Description for the Plan and where plaintiff relied on the document as being only the Summary Plan Description. (Affidavit p 1, at 2, and p2, at 3).

7. Plaintiff received from Prudential Insurance Company of America (Prudential) a notice of denial of benefits dated March 1, 2004 stating that Plaintiffs disability benefits from the Plan were terminated based on the claim not meeting "contractual requirements" where Plaintiff did believe the notice was accurate with regards to the existence of a Plan contract. (Affidavit, p 2, at 4).

8. Plaintiff received information from Prudential representatives in 2004 indicating that the Plan had policies that excluded plaintiffs doctors medical evidence where plaintiff believed these policies were in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq; and subsequently, plaintiff did file a complaint with the Rhode Island Commission of Human Rights (RICHR), EEOC complaint #16JA400282 against NFA on or about September 8, 2004. (Affidavit, p 2, at 5, 6)

9. On or about October 19, 2004, Plaintiff received verbal information from Prudential that the Plan did enforce contractual policies against plaintiffs claim for benefits where such policies excluded all of plaintiffs doctors medical evidence pertaining to fibromyalgia from all disability reviews. Plaintiff did make a written request for assistance to NFA in November, 2004 asking for assistance, but did not receive a response from NFA providing understandable assistance. (Affidavit, p 3, at 7-9)

10. In December 2004, Plaintiff received from the Rhode Island Commission of Human Rights (RICHR) a copy of a sworn affidavit submitted by NFA to RICHR where the affidavit included a sworn statement on page 1, at 3, stating "Hope Global is a party to a contract with Prudential Insurance Company for the purpose of providing eligible Hope Global employees with long-term disability benefits to provide them with some financial protection in the event of a non-work-related disability or accident". (Affidavit, p 3, at 10, p 4, at 11)

11. In March, 2005, I received written information from NFA Corporation stating "The current Summary Plan Description is referred to as "SPD1" in the Complaint" where I did rely on the information to reaffirm my understanding that SPD1 was exclusively the Summary Plan Description. (Affidavit p 4, at 12)

12. Plaintiff filed a Motion to Compel discovery of all Plan Documents dated December 5, 2005, but was denied in Court Order dated January 25, 2006, based on what plaintiff understood was NFA's testimony of an undue burden. Plaintiff believed that NFA's undue burden would eventually be over and NFA would provide all Plan Documents including the contract. (affidavit p 4 at 13 and p 5 at 16, 17)

13. Plaintiff was deposed by NFA on January 17, 2006, and in the deposition was shown a copy of SPD1 by NFA's Counsel where Counsel referenced the document as Defendants Exhibit H and where plaintiff did testify that Exhibit H was the Summary Plan Description. After the January 17, 2006 deposition, plaintiff did continue to believe Exhibit H was exclusively the Summary Plan Description. (Affidavit p 4 at 14, 15)

14. On March 28, 2006, Plaintiff did file Femino v NFA Corp., CA 06-143 (Femino II) on plaintiffs information and belief that the contract contained discriminatory policies that violated the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12111 et seq. (Affidavit, p 5 at 18)

15. On March 29, 2006, plaintiff did receive from NFA a written document stating the document SPD1 was now identified as the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" in Femino I. (Affidavit, p 5, at 19)

16. Following litigation in Femino I, Plaintiff did request assistance from NFA to obtain the Plan contract but was refused any material assistance from NFA. On June 8, 2006 Plaintiff did file a Motion to Compel Discovery in Femino II to obtain the contract based on belief that NFA was required by ERISA to have a copy of the contract at the office of the Plan Administrator where on September 11, 2006, the Motion to Compel was denied for reasons unknown to Plaintiff. (Affidavit, p 5 at 20, 21 and p 6, at 22)

17. On September 23 Plaintiff did submit to NFA a Request for Admission to identify if any other documents existed in the Plan apart from Exhibit H where plaintiffs request for Admission was neither admitted or denied. (Affidavit p 6 at 23 and 26)

18. On information recently provided to plaintiff by NFA, the Notice of denial of benefits provided by Prudential is not now understandable for plaintiff due to conflicts in identities in Plan documents between Exhibit H and a Plan contract. (Affidavit, p 6 at 28,

19. Plaintiff filed a suit against Femino v. NFA, CA 06-513 (Femino III) to protect possible interests in Plan benefits on belief that there might not be a separate contract apart from Exhibit H. (Affidavit, p 6 at 29)

20. On December 9, 2006 Plaintiff wrote to Prudential asking for assistance in identifying other documents in the Plan apart from Exhibit H but was refused assistance from Prudential where Prudential did state plaintiff had to obtain all information from the Plan Administrator. (Affidavit, p 6 at 25)

21. At no time during plaintiffs claim for Plan benefits and during subsequent appeals to denial of benefits, did Prudential have plaintiff examined by a doctor of Prudentials choosing. (Affidavit, p 6 at 27)

22. Plaintiff will voluntarily terminate all claims against NFA in litigation Femino II, CA 06-143, if NFA does provide proof that Exhibit H is the exclusive written instrument in the Plan defining a payable claim. (Affidavit p 7 at 30)

23. Plaintiff has not previously filed any claims against the Plan in federal Court for benefits because of insufficient information (Affidavit p 8 at 35)

24. Plaintiff has relied on and continues to rely on NFA in their capacity as the Plan Administrator to provide accurate Plan information to Plaintiff. (Affidavit p 8 at 34)

25. The name "Plan" in the Plan is defined as a line of coverage under the Group Contract.

26. Exhibit H is in not identified within the document as being the Group Contract.

27. Exhibit H is in not identified within the document as being the Plan document.

28. As a result of my disability, I remain heavily medicated 24 hours per day where I am regularly impaired due to the medications on my ability to provide quick and clear answers. (Affidavit p 8 at 32)

29. An expiration to the 3 year statute of limitations protecting plaintiffs rights to file a claim against the Plan will expire in December 2007. (Affidavit p 8 at 33)

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26 day of February, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933