**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |

**PLAINTIFFS MOTION FOR ENLARGEMENT OF TIME TO FILE DISPOSITIVE MOTION**

Plaintiff Lorraine Femino hereby moves, pursuant to Federal Rules of Civil Procedure 6(b)(1) for an enlargement of time from March 15, 2007 to April 15, 2007 for the specific purpose of allowing added time for the Court to resolve plaintiffs Motion to Compel Discovery in a Request for Admission, Document 27 and to file Dispositive motions. New matters support this motion being plaintiffs concurrent filing of motion for summary judgment in Femino v. NFA, CA 06-513. An attached Memorandum of Law explains the related matters of law.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL** | : | |
| | : | |

**MEMORANDUM OF LAW SUPPORTING PLAINTIFFS MOTION FOR ENLARGEMENT OF TIME FOR FILING DISPOSITIVE MOTION**

Plaintiff Lorraine Femino hereby moves, pursuant to Federal Rules of Civil Procedure 6(b)(1) for an enlargement of time from March 15, 2007 to April 15, 2007 for the specific purpose of allowing added time for the Court to resolve plaintiffs Motion to Compel Discovery in a Request for Admission, Document 27. Plaintiff references Order Denying plaintiffs Motion for Extension of Time to Complete Discovery, Document 36, by Judge Mary M Lisi, dated March 1, 2007 which does not provide for partial relief for an enlargement of time for filing of Dispositive motions. Plaintiff has only been granted two weeks to resolve matters pertaining to plaintiffs unresolved Motion to Compel Request for Admission and also to file Dispositive motions which is insufficient to address all matters.

Pertaining to the unresolved Motion to Compel in the instant case, the Court should apply equal standards on NFA's duty to disclosure as the Court would in an ERISA action. See e.g. *EEOC v. Whitin Machine Works*, Inc. , 635 F.2d 1095, 1097 (4th Cir.1980) (when facts are "within [the] unique knowledge" of the employer, it

bears burden of proof concerning those facts); see also *Farr v. U.S. West*, 151 F.3d 908, 913 (9th Cir. 1998), cert. denied U.S., 120 S. Ct. 935 (2000) ("fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information."

The employer "bears the burden of proof" in the instant case being an ADA action, and bears an equivalent burden of fiduciary "duty of disclosure" in Femino v. NFA, CA 06-513 ("Femino III") being an ERISA action. Both concepts have the same outcome being relief for the beneficiary to rely on the employer for complete and accurate disclosures. See e.g. *Serapion v. Martinez*, 119 F.3d 982, 985 (1st Cir. 1997) ("We regard Title VII, ADEA, ERISA, and FLSA as standing in pari passu and endorse the practice of treating judicial precedents interpreting one statute as instructive in decisions involving another"); see also H.R. Rep. No. 101-485, pt. 3, at 48 (1990) (purpose of the ADA is "to provide civil rights protections for persons with disabilities that are parallel to those available to minorities and women.")

The Court should uphold Plaintiffs rights in this matter to have ERISA claims [1] in Femino III decided side by side with the instant case. Matters of Femino III are statutorily defined under ERISA which includes in pertinent part ERISA § 503; 29 U.S.C. § 1133 (Claims Procedure) (defining a participants protected right to an "understandable" notice of denial of benefits "written in a manner calculated to be

[1] See CA 06-513, Femino III, Plaintiffs Motion for Summary Judgment, Sworn Affidavit of Lorraine Femino, ¶ 33, filed concurrently with this Motion) ( "I will voluntarily terminate all claims against NFA in litigation Femino II, CA 06-143, if NFA will provide reasonable proof that Exhibit H is the exclusive written instrument recognized by the Plan defining a payable claim."). Femino III was filed to protect possible ERISA claims from being forfeited under statute of limitations due to NFA's ongoing refusal to provide full disclosure on the identity of Plan documents.

understood"); see also the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12201(b) ("Relationship to other laws. - Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law....").

Plaintiff alleges that NFA has not provided complete answers in the matter of the identity of Plan documents in all cases. Deciding matters in the instant case in advance of Femino III where information has been withheld by NFA would cause plaintiff to forfeit statutory protections to make an informed decision on claims against the Plan thus possibly limiting claims to benefits against the Plan. Plaintiff should be provided sufficient relief in time to resolve plaintiffs Motion to Compel Request for Admission and to file the Dispositive Motion where an answer in the Motion to Compel will concurrently resolve matters in Femino III.

Plaintiff respectfully requests that an enlargement of time from March 15, 2007 to April 15, 2007 be Granted to allow the Court time to resolve plaintiffs Motion to Compel Request for Admission and to allow plaintiff time to file Dispositive motions.

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 4th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I 02828
(401)-949-4933