RHODE ISLAND DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO | : | |
| | : | |
| v. | : | C.A. No. 06-143ML |
| | : | |
| NFA CORPORATION d/b/a HOPE GLOBAL | : | |
| | : | |

**MEMORANDUM AND ORDER**

On March 28, 2006, Plaintiff, Lorraine Femino, initiated this action by filing a Complaint for Injunctive and Declaratory Relief under the Americans with Disabilities Act, 42 U.S.C. § 12111, et seq. ("ADA"). Plaintiff is proceeding pro se. Before the Court is Plaintiff's Motion to Compel Discovery in a Request for Admission. (Document No. 27). This Motion has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72. Neither party has requested argument or hearing (LR Cv 7(e)), and this Court has determined that one is not necessary. After reviewing the memoranda filed by the parties, the Motion is resolved as set forth below.

**Discussion**

This is an ongoing dispute regarding the identity of the plan document or contract in issue. On August 8, 2006, Plaintiff moved to compel Defendant to provide to her "a true copy of the entire plan contract of the NFA Corporation disability welfare plan." (Document No. 8). In response, Defendant represented that it had repeatedly produced the "plan document" for its long-term disability plan to Plaintiff. (Document No. 10). Plaintiff admits receiving the thirty-five page plan document entitled "Your Group Benefits." See Document No. 31 (Femino Affidavit, ¶ 2). Defendant also represented that it had searched its records and "[a]t this point, [it] does not have the additional document she has requested." (Document No. 10). Based on these representations, I

determined that Plaintiff had not shown that Defendant was withholding responsive documents in its possession, custody or control and denied the Motion to Compel. At the risk of overstepping my role as a neutral, I suggested that Plaintiff might consider utilizing Fed. R. Civ. P. 45 to request the "plan contract," if one exists, from the plan insurer, Prudential Insurance Company of America. It does not appear that Plaintiff has followed that suggestion. Rather, Plaintiff unsuccessfully sought reconsideration of my order and unsuccessfully appealed it to Chief Judge Lisi.

Now, Plaintiff seeks to compel "discovery by admission from NFA as to whether or not any other written instruments exist in the Plan apart from the document Exhibit H and where such other written instruments may exist," and "requests that the Court order NFA to identify by name any such other written instruments." Document No. 27 at p. 5. Plaintiff does not, as required by LR Cv 37(a), either provide a copy of the discovery request in dispute or state the request as actually made on Defendant. In addition, the request, as generally described by Plaintiff in her Motion, appears more in the nature of a Rule 33 interrogatory rather than a Rule 36 request for admission as to a fact or authenticity of a document. In any event, Defendant, without waiving its objections, confirms that "Plaintiff's entitlement to benefits is governed by the plan document" which was provided to Plaintiff "many years ago" and indicates that "there are no other documents in the defendant's possession that alter her rights under the policy." Document No. 29.

For all intents and purposes, this exchange is identical to the one that took place in connection with Plaintiff's prior unsuccessful Motion to Compel Discovery of Documents. Although it is not clear from Plaintiff's Motion what it is she is trying to discover with her request, it is clear that Plaintiff has been provided with the plan document, and Defendant has represented that Plaintiff's entitlement to benefits is governed by the plan document. Chief Judge Lisi

thoroughly interpreted this document in Femino v. NFA Corp., C.A. No. 05-19ML, and determined that "the amended Plan document and the summary plan description are physically joined in the same document. The summary plan description is conspicuously so titled and is separated from the Plan document by an intervening cover page." See Femino v. NFA Corp., C.A. No. 05-19ML, Memorandum and Order dated July 17, 2006 at p. 12. Chief Judge Lisi also determined that "[t]he Plan document adequately identifies and explains the 24-month self-reported symptom limitation" and that "Defendant provided timely and proper notice of [such] limitation." Id. This is the same self-reported symptom limitation that Plaintiff challenges in this ADA action. In other words, Plaintiff has the plan document containing the provision she is challenging. It is unclear what more she needs to pursue her claim.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Compel Discovery in a Request for Admission (Document No. 27) is DENIED. Although this Court has been accommodating of Plaintiff's pro se status, her pro se status is not a license for Plaintiff to abuse the discovery procedures and to relitigate issues already finally decided against her. Plaintiff is advised that such behavior in the future may be grounds for sanctions against her.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 12, 2007