**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MOTION REQUESTING RECONSIDERATION OF DENIAL OF MOTION TO COMPEL REQUEST FOR ADMISSION**

As provided under Federal Rules of Civil Procedure 72(a), Plaintiffs respectfully requests District Judge Mary Lisi reconsider the denial of plaintiffs Motion to Compel Request for Admission (hereafter "Motion") based on legal errors cited herein. As grounds, plaintiff relies on the attached Memorandum of Law.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 13 th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER THE DENIAL OF PLAINTIFFS MOTION TO COMPEL REQUEST FOR ADMISSION**

## I. INTRODUCTION

As provided under Federal Rules of Civil Procedure 72(a), Plaintiffs respectfully requests District Judge Mary Lisi reconsider the denial of plaintiffs Motion to Compel Request for Admission (hereafter "Motion") based on legal errors cited herein.

## II. BACKGROUND

This matter pertains to the proper identity of the legal Plan document for the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan") as the Plan itself identifies the Plan document. The Plan is based on a document identified as being the Group Contract. (Document 11, attachment 1, # 1 Exhibit 1: Certificate of Coverage Glossary at "Plan…a line of coverage under the Group Contract."

---

1 NFA has previously stated in Femino I, Exhibit H, pages 1-35, as being the true and correct Summary Plan Description and Plan document without affidavit affirming that the Plan itself recognizes Exhibit H as being Group Contract or Plan Document for the Plan. It is the lack of supporting affidavit of Exhibit H in Femino II that is the basis for the Motion to Compel Request for Admission.

See also Glossary at "Payable Claim…a claim for which Prudential is liable under the terms of the Group Contract"). It has previously been established in Femino v. NFA Corp., CA 05-019ML, (hereafter "Femino I"), Document 88, NFA Statement of Undisputed Facts, pages 1,2 at 4) that the identity NFA did submit for Exhibit H to the Court on March 28, 2006 in NFA's motion for summary judgment was done without any evidence, testimony or affidavit stating that the Plan itself recognized Exhibit H as being the "true and correct Plan document". In the instant case (hereafter "Femino II"), plaintiff requires reasonable proof that the Plan itself recognizes Exhibit H as being the exclusive written instrument for the Plan and thus the "true and correct Plan document". This is the primary basis for plaintiffs Motion to Compel Request for Admission.

The motion for reconsideration presents two issues for judgment, being

1. Has there been a final ruling in Femino I holding that Exhibit H is the exclusive and only legal written instrument in the Plan where the final ruling legally establishes that plaintiff would be allowed to enter Exhibit H in a motion for summary judgment in a claim for benefits against the Plan and where the Plan would be required to recognize Exhibit H as the exclusive and only written instrument containing terms and conditions defining plaintiffs claim for benefits against the Plan.
2. Does plaintiff have statutory rights and protections under ERISA and Title VII in this matter which are being violated by NFA's refusal to provide an accurate answer to this single question where the Court has not provided an appropriate remedy in accordance with ERISA and Title VII.

The Court presents a final statement in the Memorandum and Order summarizing the Courts position that "It is unclear what more [plaintiff] needs to pursue her claim." The answer to the question can be provided by the Court itself in answering the following question; does Exhibit H currently meet Fed. Rules of Civ. Procedure 56(e) standards of proof such that Exhibit H can now be enforced as the exclusive written instrument for the Plan in a motion for summary judgment by plaintiff in a possible claim for benefits against the Plan. Plaintiff believes the answer the Court must apply is that Exhibit H has not been ruled in a final judgment as being the Plan document as recognized by the Plan.

## III. LEGAL STANDARD

The district court has "plenary authority" to reconsider its own rulings if it believes it has erred, and to grant a motion it had previously denied. El Fenix de Puerto Rico v. The M/Y Johanny, 36 F.3d 136, 140 n.2 (1st Cir. 1994). Title 28, U.S.C. § 636(b)(1)(A) (A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law).

## IV. ARGUMENTS PLAINTIFF REQUESTS RECONSIDERATION

### 1. The Court errs that a judgment on the identity of Plan documents as defined by the Plan has been made final in Femino I.

Plaintiff respectfully requests the Court reconsider the conclusion in the Memorandum and Order that the Plan document Exhibit H has been ruled in a final judgment in Femino I as being the legal and exclusive document for the Plan

(Memorandum and Order, p 3 ¶ 1, "Plaintiff has the Plan document containing the provision she is challenging" and also "relitigate issues already finally decided against her" )

Plaintiff finds no evidence of a final judgment in Femino I establishing that the document Exhibit H is the legal and exclusive written instrument containing all "provisions" in the Plan defining a payable claim where such ruling would be enforceable against the Plan. NFA presents no evidence showing a ruling had been "finally decided" in Femino I in this matter as the Plan defines documents. The Court cites no evidence, testimony, or affidavit showing as fact that the Plan itself recognizes Exhibit H as being the exclusive written instrument for the Plan. All cited statements in the Memorandum and Order are based on belief by NFA and would not hold up to Rule 56(e) requirements as factual in claims made against the Plan. See *Sheinkopf v. Stone*, 927 F.2d 1259, 1271 (1st Cir. 1991) ("It is apodictic that an affidavit . . . made upon information and belief . . . does not comply with Rule 56(e).")

Lacking a final judgment on the legal identity of Exhibit H as the Plan defines Exhibit H requires that plaintiff obtain reasonable proof of the identity of Exhibit H along with any other Plan documents apart from Exhibit H where such documents may contain Plan provisions defining a payable claim.

**2. The Court errs by forcing limitations on plaintiffs statutory rights to ask a single question of the Plan Administrator to which a complete answer has never been provided and where the Plan Administrator refuses to provide a complete answer.**

The Court applies unwarranted procedural requirements on plaintiff to craft a proper Request for Admission in a matter defined by statute where such statutory rights place the burden to disclose squarely on the shoulders of NFA and not plaintiff. (Memorandum and Order, p 2, ¶ 2). The matters before the Court involve a fiduciary of an ERISA welfare benefit Plan being NFA where NFA is required to "disclose material facts of which plan participants are unaware". (Document 34, Reply to Response to Motion, p 2, ¶ 2).

NFA has not provided any evidence to the Court that shows plaintiff has received from NFA a Plan document clearly identified as being a Group Contract or a Plan Document for the Plan. Plan documents not clearly identified in an ERISA welfare benefit Plan is in violation of 29 CFR 2520.104b-1 (b)(3) ("For purposes of [ERISA] section 104(b)(2)…[s]uch documents must be clearly identified). (Motion, page 3 ¶ 2). Under the circumstances of Exhibit H not being clearly identified as being the Plan document, Plaintiff's request for an answer to a single question asking if there are any other written instruments in the Plan is not unreasonable or a burden to NFA. In this matter, plaintiffs rights to an accurate answer from NFA are statutorily protected under both Title VII, § 2000e-3(a), § 704(a) and ERISA.

**a. The Court applies unwarranted credibility to NFA's prior testimony on the identity of all Plan documents as being a settled matter.**

The nature of the matter of plaintiffs request is one of simplicity being;

1) Does NFA admit that there are any other written instruments in the Plan apart from the document Exhibit H 1 containing any terms defining a payable claim? (Document 34, Reply to Response to Motion, p 1, at 1).

The Courts states that NFA has confirmed "there are no other documents in the defendants possession that alter her rights under the policy". (Memorandum and Order p 2, ¶ 2). The Court does not recognize that NFA could have easily stated this more legally concise as "there are no other documents in [the Plan] that alter her rights under the policy" but did not. Whether by strategy, or omission, the outcome is still a vague and meaningless statement by NFA to the specific issue of the Motion. Plaintiff argues that NFA's ongoing vague and misleading statements are the problem, not plaintiffs determination to get an answer. (Document 34, Reply to Response to Motion, p 2, ¶ 1-3).

The evidence contained within Exhibit H itself show that Exhibit H may not be the Plan document as the Plan defines the Plan document. (Document 11, attachment 1 (# 1 Exhibit 1: Certificate of Coverage Glossary at "Plan…a line of coverage under the Group Contract" and at "Payable Claim…a claim for which Prudential is liable under the terms of the Group Contract".)

**b. Plaintiff has statutory protections under Title VII against discrimination.**

The Court does not recognize plaintiffs statutory protections under Title VII that demand that plaintiff be treated as "an employee" in spite of being a prior employee and that plaintiff not to be discriminated against as compared to other current employees in requesting an accurate answer regarding Exhibit H. See (Document 38, Supplemental Memorandum of Law by Lorraine Femino, p2, ¶¶ 1-4 .("Providing 'information

regarding the various benefit plans' to current employees, but not to plaintiff, a prior employee, is in violation of Title VII, § 2000e-3(a), § 704(a)."). The Court does not properly examine that NFA previously held a position in Femino I of having adequate resources to easily answer questions about the Plan without burden. (Document 38, Supplemental Memorandum of Law by Lorraine Femino, p 1, ¶ 2, (Affidavit of Dorothy Mattiello, …"During my career with NFA, I have maintained an 'open-door' so that employees seeking information regarding benefits have always been able to obtain the information from the Human Resources Department.".)).

The Court does not apply a standard that NFA bears the burden of proof in matters of the proper identity of Plan documents. (Motion, page 2 ¶ 2) ("Because matters in this litigation pertain to a suit brought under the ADA, NFA has a special duty to show proof of all requirements under the 'self reported symptoms provisions of the Plan' "). See also *EEOC v. Whitin Machine Workers, Inc.*, 635 F.2d 1095, 1097 (4th Cir. 1980) (when facts are "within [the] unique knowledge" of defendant, it bears burden of proof concerning these facts). (Motion page 2 ¶ 2)

**c. Plaintiff has statutory protections under ERISA to receive accurate Plan information from NFA without having to craft a legally precise question.**

The Court doe not properly enforce plaintiffs protected rights under ERISA in matters of plaintiffs right to receive accurate information exclusively from NFA in NFA's capacity as the Plan Administrator. The Americans with Disabilities Act of 1990, (ADA), Section 501, 42 U.S.C. 12201 states in (b) Relationship to Other Laws.— "Nothing in this Act shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law". (Motion, page 3, ¶ 3, and, p 4, ¶ 1).

As a Plan Participant requesting Plan information, plaintiff, must look to the named Plan Administrator for information "and not to any other person"; *Curtiss Wright v. Schoonejongen*, 514 U.S., 73 at 79 (1995). A Plan administrator has a special duty to offer "complete and accurate" disclosures about provisions that are "confusing" or "likely to be misunderstood." *Harte v. Bethlehem Steel*, 214 F.3d 446, at 448 and 452-3 (3d Cir. 2000). (Document 38, Supp. Memorandum of Law by Lorraine Femino, p2, ¶ 4).

The Court does not remedy NFA's ongoing statutory failure to use "care, skill, prudence, and diligence" in the duties of ERISA Plan administration to provide plaintiff with accurate plan information in the matters contained in the Motion. See e.g. *Beddal verses State Street Bank and Trust Company*, 137 F. 3d 12, 18 (First Circuit 1998) (quoting 29 U.S.C. § 1104(a)(1)(B) requirements that Plan fiduciaries must employ "care, skill, prudence, and diligence" in the duties of plan administration). (Document 38, Supp. Memorandum of Law by Lorraine Femino, p 3, ¶ 1).

**3. The Court errs by forcing unwarranted addition litigation to settle this matter rather than expediting litigation by holding oral arguments.**

Plaintiff did request Oral Argument although plaintiff acknowledges that procedurally, plaintiff is now aware that this may not have been done in accordance with set rules of the Court. (Document 34, Reply to Response to Motion, p 2, ¶ 3 and p 3, ¶ 1 ("Plaintiff respectfully requests that defendants Objection be Denied entirely and plaintiffs request for oral argument be Granted")). Plaintiff did understand and believe based on the history of all litigation in Femino I, II, III, that a Hearing was required in a Motion to Compel and that an Oral Argument would follow the filing of a motion to

compel. Plaintiff does believe that Oral Argument will expedite litigation in all matters before the Court and concurrently settle all matters in Femino III avoiding unnecessary litigation in that case.

**V. Conclusion**

For reasons provided above, Plaintiff respectfully requests that the Court reconsider the decisions denying plaintiffs Motion to Compel Request for Admission and Order that Oral Arguments be completed before all matters are finally ruled.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 13th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933