**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| | : | |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |
| | : | |

**PLAINTIFFS LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS IN OPPOSITION TO DEFENDANTS MOTION FOR ATTORNEYS FEES**

Pursuant to Local Rule Cv 56, Plaintiff Lorraine Femino submits this Statement of Material Undisputed Facts in connection with its opposition to defendants motion for attorneys fees, Document 8. The matters set forth herein are acknowledged as true for purposes of the present motion only.

1. Plaintiff Lorraine Femino is a Plan Participant in the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan").

2. NFA Corporation ("NFA") is the Named Plan Fiduciary for the Plan.

3. The location of the office of the Plan Administrator is shown in the Summary Plan Description as being located in Boston Ma.

4. Prudential Insurance Company of America the Plan Provider ("Prudential") is not named as a Plan Fiduciary in the Summary Plan Description.

5. In 2002, NFA provided plaintiff with a 35 page document entitled "Your Group Benefits" ("Exhibit H") which described terms of the 1999 amended Plan.

6. The document Exhibit H has also been identified as "SPD1" by NFA and plaintiff.

7. In March, 2005, NFA did make a written statement that "The current Summary Plan Description is referred to as "SPD1" in the Complaint" in Femino v NFA Corp., WL 1997626 at 4 (D.R.I) ("Femino I"), Document 8, page 2, ¶ 2).

8. Up until March 29, 2006, Plaintiff did not receive from NFA any written or verbal statement that the Plan did not define Exhibit H, pages 1-35, as being anything other than the Summary Plan Description for the Plan.

9. Plaintiff did send a Request for Production of Documents ("Request") to NFA Corporation via NFA's Counsel ("Counsel") on or about October 23, 2005 where Plaintiff did state a demand in the Request for "All documents pertaining to the current NFA Corp. disability welfare benefit DG-67020-RI".

10. In response to plaintiffs Request to NFA for "All documents pertaining to the current NFA Corp. disability welfare benefit DG-67020-RI", plaintiff did receive NFA's specific written response to the aforementioned request being stated as "Objection, the request is overbroad and unduly burdensome. Further documents related to the disability plan and other human resources documents were destroyed in a recent flood at the Hope Global facility."

11. Plaintiff filed in Femino I a Motion to Compel Discovery of Documents, Document 51, based on NFA's failure to provide all requested documents in the Request, but the Motion to Compel Discovery of Documents was denied in Court Order signed by Magistrate Judge Lincoln D. Almond on January 25, 2006 due to NFA's reasons of being unable to locate a document identified as a contract and an undue burden from a flood.

12. On March 28, 2006, Plaintiff did file Femino v NFA., CA 06-143 (Femino II).

13. On March 29, 2006, plaintiff did receive from NFA a written document stating an invented identity for Exhibit H as being "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" where such document was entered as "Exhibit H" by NFA in Femino I.

14. On June 8, 2006, Plaintiff did file in Femino II a Motion to Compel Discovery, Document 8, to obtain a document identified as being a contract but was denied in Order Signed by Magistrate Judge Lincoln D. Almond on September 11, 2006.

15. Plaintiff did file motion for reconsideration in Femino II, Document 15, but was denied in Order, Document 17, denying Motion for Reconsideration, Document 15, by Judge Mary M Lisi, dated October 25, 2006.

16. On September 23, 2006, Plaintiff did submit to NFA a Request for Admission to admit if any other documents existed in the Plan apart from Exhibit H where plaintiff received from NFA a written response neither admitting or denying plaintiffs Request for Admission.

17. Plaintiff filed a lawsuit against NFA, Femino v. NFA, CA 06-513, (Femino III) to protect possible interests in Plan benefits from an approaching statute of limitations.

18. On December 9, 2006 Plaintiff sent a written request to Prudential asking for assistance in identifying documents in the Plan, but in a written response from Prudential, plaintiff was denied any assistance where Prudential did state plaintiff had to obtain Plan information from the Plan Administrator.

19. All notices of denial of benefits provided to plaintiff by Prudential contain a statement at the start of the Notice "In order to receive benefits under Group Policy #67020, covered employees must meet all contractual requirements...".

20. Plaintiff will voluntarily terminate all claims against NFA in litigation Femino II, CA 06-143, if NFA would provide reasonable proof that Exhibit H is the exclusive written instrument in the Plan defining a payable claim.

21. Plaintiff has not previously filed any claims against the Plan in Federal Court for Plan benefits

22. The document Exhibit H defines "Plan" in the Glossary, p 30, at "Plan" being "…a line of coverage under the Group Contract."

23. The document Exhibit H defines "Payable Claim" in the Glossary, p 30, at "Payable Claim" being "…a claim for which Prudential is liable under the terms of the Group Contract".

24. The document Exhibit H states at Page 4, ¶ 4 "The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance certificate")

25. The document Exhibit H states at Page 34, "Rights and Protections" (1) "Examine without charge, at the plan administrators office all plan documents including insurance contracts…"

26. Exhibit H is not in any place identified as being the "Group Contract".

27. Exhibit H is not in any place identified as being the "Plan document".

28. The Plan operates with a 3 year statute of limitations for filing claims against the Plan

Respectfully submitted

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 26th day of March, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933