**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS APPEAL TO THE DISTRICT COURT FOR REVERSAL OF MAGISTRATE JUDGE ALMONDS ORDER DENYING PLAINTIFFS MOTION TO COMPEL REQUEST FOR ADMISSION**

Pursuant to Fed. R. of Civ. P. 72(a), plaintiff hereby objects to and appeal from Magistrate Judge Almonds Text Order denying 41, Plaintiff's Motion for Reconsideration of Denial of Motion to Compel Request for Admission. On April 3, 2007 Magistrate Almonds Order denying plaintiffs Motion for Reconsideration of Denial of Motion to Compel Request for Admission was entered and served upon plaintiff. Plaintiff now appeals to the District Court for reversal of that Text Order. An attached Memorandum of Law explains the matters of law the Appeal is based on.

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 16th day of April, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-0143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM OF LAW SUPPORTING APPEAL TO THE DISTRICT COURT FOR REVERSAL OF MAGISTRATE JUDGE ALMONDS ORDER DENYING PLAINTIFFS MOTION TO COMPEL REQUEST FOR ADMISSION**

Pursuant to Fed. R. of Civ. P. 72(a), plaintiff hereby objects to and appeal from Magistrate Judge Lincoln Almonds Text Order denying 41, Plaintiff's Motion for Reconsideration of Denial of Motion to Compel Request for Admission. On April 3, 2007, Magistrate Almonds Order denying plaintiffs Motion for Reconsideration of Denial of Motion to Compel Request for Admission was entered and served upon plaintiff. Plaintiff now appeals to the District Court for reversal of that denial and requests this Court grant plaintiffs motion, Document 27, in its entirety compelling defendants to disclose all material facts pertaining to the identity of all written instruments in the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (hereafter "Plan") in accordance with NFA Corps. fiduciary obligations under ERISA [1].

---

[1] The appeal is related to Femino v. NFA Corporation, CA 06-513 (hereafter "Femino III") insofar as a ruling in Femino III granting plaintiffs motion for summary judgment could also have impact on matters pertaining to this appeal. The distinction between this appeal and matters in Femino III is that this appeal deals primary with a question of law as to whether or not plaintiffs statutory rights under ERISA are in any way diminished because the instant case is based primarily on claims made under the Americans with Disabilities Act of 1990 and not ERISA.

## I. BACKGROUND

Since 2004, Plaintiff has attempted to obtain all information from NFA Corp. pertaining to all provisions of the Plan. At the time of filing the instant case on March 28, 2006, Femino v. NFA Corp. CA 06-143, (hereafter "Femino II") all information provided to plaintiff by NFA Corp. up to that point was that there were separate and distinct written instruments apart from the document Exhibit H [2] in the Plan under an entire Group Contract. Access to written instruments apart from Exhibit H had been previously denied to plaintiff in prior litigation Lorraine Femino v. NFA Corp., CA 05-019, (hereafter "Femino I") based on Order from District Judge Mary Lisi dated March 14, 2006, Document 85, denying 80 Motion for Reconsideration in Femino I.

On March 29, 2006, one day after filing Femino II, plaintiff received in the mail NFA's Motion for Summary Judgment in Femino I. Contained in NFA's Motion for Summary Judgment in Femino I was a new and invented name for the document Exhibit H inferring that Exhibit H was both the Summary Plan Description and the Plan Document [3]. NFA has refused to make any statement on written instruments in the Plan apart from Exhibit H. On August 8, 2006, plaintiff filed in Femino II a Motion to Compel Discovery, Document 8, to obtain specific Plan written instruments under the

---

2 The identity of the attachment "Exhibit 1" in Document 29, defendants Response in Opposition has been called many names in the course of Femino I, II, and III. For consistency, plaintiff uses "Exhibit H" as the document was referenced in NFA's Statement of Undisputed Facts, Document 88, in Femino I.

3 NFA has not filed evidence or affidavit that Exhibit H is the "entire Group Contract" where the written terms of the Plan only recognize a Plan document named "Group Contract". See Femino II, Document 11, Attachments: # 1 Exhibit 1: Certificate of Coverage Glossary; # 2 Exhibit 2: Certificate of Coverage, plaintiffs Reply to Document 9, NFA's Response to Motion.

entire Group Contract. The motion was denied in Order dated September 11, 2006 by Magistrate Judge Almond. On or about September 23, 2006, plaintiff submitted to NFA a request for admission[4] on whether or not any Plan documents existed apart from Exhibit H to which NFA responded by stating that NFA would neither admit or deny.

Plaintiff appealed Magistrate Judge Almonds September 11, 2006 Order and on October 25, 2006, Document 17, District Judge Lisi did enter an Order denying plaintiffs Appeal stating in the Order that "Magistrate Judge Almond took great pains to explain to plaintiff in detail why [plaintiff] was not entitled to compel discovery from Defendant and further explained how [plaintiff] could proceed to acquire the requested document from a third party".

Plaintiff did subsequently request from both NFA Corp. and from the third party being Prudential Insurance Company of America, the Plan Provider (hereafter "Prudential") material facts pertaining to the identity of any documents apart from the document Exhibit H which would have to be requested in subpoena. Both NFA Corp. and Prudential did refuse to provide to plaintiff any material facts in this matter. Plaintiff filed the Motion to Compel discovery in Request for Admission on March 26, 2007 in Document 27. The Motion was denied in Document 39, Memorandum and Order by Magistrate Judge Almond dated March 12, 2007. Plaintiff filed a Motion for Reconsideration, Document 41 on March 13, 2007 which was denied in Order dated April 3, 2007 by Magistrate Judge Almond. Plaintiff now Appeals for reversal of the denial.

---

4 Plaintiff filed a Request for Admission based on Magistrate Almonds September 11, 2007 Order where plaintiff was instructed to obtain documents from a third party.

## II. FACTS

NFA Corporation is the Plan Administrator for the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan ("Plan"). Plaintiff is recognized by the Court as being a participant of the Plan. See Femino v. NFA Corp., CA 06-513, as filed under 29 U.S.C. § 1132(a)(3) where only "participants, beneficiaries and fiduciaries" are allowed to file lawsuits under 29 U.S.C. § 1132(a)(3). The Plan is based on a document identified as being the "Group Contract". (Document 11, attachment 1, # 1 Exhibit 1: Certificate of Coverage Glossary at "Plan...a line of coverage under the Group Contract").

## III. ARGUMENTS

### POINT 1

**THE MAGISTRATE ERRS BY CONCLUDING THAT TERMS OF THE PLAN WERE CHANGED IN A RULING MADE IN PRIOR LITIGATION.**

**A. The Magistrates Memorandum And Order Is In Conflict With The Magistrates Own Prior Ruling That Plaintiff Obtain Documents From A Third Party Being The Plan Provider, Prudential Insurance Company Of America.**

The Magistrates conclusion in the Memorandum and Order, p 3 ¶ 1, "Plaintiff has the Plan document containing the provision she is challenging" and also "relitigate issues already finally decided against her" is flawed based on the Magistrates own prior September 11, 2006 ruling in the instant case ordering that plaintiff must obtain requested documents from a third party being the Plan Provider, Prudential.

District Judge Lisi's October 25, 2006 Order, Document 17, was issued in support of the Magistrates ruling of September 11, 2006 on Document 8, plaintiffs Motion to Compel Discovery of Documents where District Judge Lisi stated that plaintiff obtain

requested plan documents from a "third party" as instructed by Magistrate Judge Almond. The requested plan documents were specifically identified by plaintiff as being written instruments under the Group Contract (See Document 41, plaintiffs Motion for Reconsideration, page 1, ¶ 2, referencing plaintiffs Document 11, attachment 1, # 1 Exhibit 1: Certificate of Coverage Glossary at "Plan…a line of coverage under the Group Contract."). In ruling that plaintiff must obtain requested Plan documents from a third party, plaintiff required all material facts pertaining to any and all written instruments in the Plan held by the third party. NFA Corp. refused to provide such material facts.

Where plaintiff had been instructed to obtain Plan documents from a third party, NFA Corp. has fiduciary duties defined under 29 U.S.C. § 1104 as the Plan administrator to provide material facts to protect plaintiffs interests in dealing with the third party even in the absence of a request by plaintiff. Restatement of Trusts, 173 comment d, is clear and unambiguous that plaintiff has statutory rights under 29 USC § 1104 to rely on NFA Corp., the Plan administrator "to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection when dealing with third parties". Armstrong v. Jefferson Smurfit Corp., 30 F.3d, 11 at 12 (1st Cir. 1994) (quoting Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292 at 1300 (3d Cir. 1993)). In matters where plaintiff must go to a third party for plan information, NFA has a duty to provide all material facts which will protect plaintiffs interests when dealing with the third party which must include the identity of all documents as the Plan recognizes such documents. See 29 C.F.R. 2520.104b-1 (b)(3) ("For purposes of [ERISA] section 104(b)(2)…[s]uch documents must be clearly identified). (See Resp. in Opp., document 29, page 2, ¶ 2)

**B. The Court Must Not Accord Significance That In Prior Litigation <u>NFA Created An Invented Identity For A Plan Document.</u>**

The Magistrate appears to give significance that NFA Corp. did previously invent a name for a Plan document being that Exhibit H was the "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" (See Lorraine Femino v NFA Corp. d/b/a/ Hope Global CA 05-019, Document 88, NFA statement of undisputed facts, pages 1,2, at 4). The Magistrate ignores the evidence presented in Plaintiffs Motion for Reconsideration, Document 41, page 1, ¶ 2, page 5, ¶ 1, page 6, ¶ 3 that the expressed written terms of the Plan state that the Plan is based on a document named the "Group Contract".

NFA has presented no evidence, testimony or affidavit stating that Exhibit H is the "entire Group Contract". (See plaintiffs Motion for Reconsideration, Document 41, page 5, ¶ 2,). In this matter, prior invention of a name for Exhibit H cannot change the expressed written terms of the Plan and thus an invented name for Exhibit H is not relevant. NFA Corp. is represented by competent legal counsel has a full Human Resources Department (See Document 38, Supplemental Memorandum of Law by Lorraine Femino, p 1, ¶ 2, (Affidavit of Dorothy Mattiello, …"During my career with NFA, I have maintained an 'open-door' so that employees seeking information regarding benefits have always been able to obtain the information from the Human Resources Department.".)). NFA Corp. could have made a legally precise affidavit in accordance with the expressed written terms of the Plan that Exhibit H is the true and correct "Group Contract", but did not, and has not in the instant case.

Only the written terms of the plan documents control and cannot be modified or superseded by NFA's oral undertakings to invent document identities. In Hozier v. Midwest Fasteners, 908 F.2d 1155 at 1163 (3d Cir. 1990) the Court held that "the unambiguous written provisions of a plan must control, and extrinsic evidence may not be introduced to vary the express terms of a plan". In Gordon v. Barnes Pumps Inc., 999 F.2d, 133 at 137 (6th Cir. 1993), the Court held that "a basic principle of ERISA is that a plan may not be modified or superseded by oral statements or other extrinsic evidence".

The Plan only recognizes the Group Contract as containing all provisions of the Plan and thus any significance that Exhibit H has an invented name being "true and correct copy of the Plan Document, as amended in 1999, which includes the updated Summary Plan Description" must be considered as irrelevant towards the expressed written terms of the Plan. "[U]nambiguous terms are given their plain and natural meaning". Smart v. Gillette Co. Long-Term Disability Plan, 70 F.3d 173, 178 (1st Cir. 1995).

## POINT 2

## THE MAGISTRATE ERRS BY NOT PROVIDING A REMEDY CONSISTENT WITH ERISA.

### A. The Magistrates Memorandum And Order Places Unwarranted Procedural Requirements On Plaintiff To Properly Ask A Question Where Technical Aspects Must Not Be Enforced Against Plaintiff.

The Magistrates Order appears to question the format under which plaintiff submitted a Request for Admission to NFA. NFA is the Plan Administrator for an ERISA welfare benefit Plan. Plaintiff sufficiently established in the motion that plaintiff is a Plan participant and that NFA has fiduciary duties to accurate disclosure. See Motion to Compel Discovery in a Request for Admission by Lorraine Femino, Document 27,

Opposition to Motion to Compel Discovery in a Request for Admission, page 2, ¶ 2 (sufficiently establishing NFA as being a fiduciary in the Plan).

The Courts recognize that in communications between a beneficiary and a fiduciary, trust law places minimal requirements on how a beneficiary informs a fiduciary of circumstances needing a resolution. Restatement of Trusts, 173 comment d, is clear and unambiguous that plaintiff has statutory rights under 29 U.S.C. § 1104 to rely on NFA Corporation, the Plan administrator "to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know but needs to know for his protection when dealing with third parties". Armstrong v. Jefferson Smurfit Corp., 30 F.3d, 11 at 12 (1st Cir. 1994) (quoting Bixler v. Central Penn. Teamsters Health & Welfare Fund, 12 F.3d 1292 at 1300 (3d Cir. 1993)). "[W]hile the beneficiary may at times, bear a burden of informing the fiduciary of her material circumstance, the fiduciaries obligation will not be excused merely because she failed to comprehend or ask about a technical aspect of the plan" Bixler, supra, 12 F.3d 1292, at 1300. ERISA's fiduciary duty to disclose is a duty "not only to inform a beneficiary of new and relevant information as it arises, but also to advise him of circumstances that threaten interests relevant to the relationship." Beddall v. State Street Bank & Trust Co., 137 F.3d 12, 17 (1st Cir. 1998) (quoting Eddy v. Colonial Life Ins. Co., 919 F.2d 747, 750 (D.C. Cir. 1990). In Eddy supra, 919 F.2d at 751, the Court found that as soon as the beneficiary "called" the fiduciary and generally stated the circumstances, at that point the fiduciary had a duty to "convey correct and complete information material to [the] circumstances".

Plaintiff has been cited for filing a plethora of motions in this and prior litigation on the matter of all Plan provisions. The fact remains that since 2004, plaintiff has not received a direct answer on the question of what documents exist under the "entire Group Contract" defining all provisions under the self reported symptoms rule. "Forbidding plaintiff from conducting further discovery would be tantamount to dismissal because he has conducted no discovery…" Roman v. Reading, No. 02-4763, 2004 U.S. Dist. LEXIS 4570, at *26-27 (E.D. Pa., March 22, 2004), citation omitted.

**A. The Magistrates Memorandum And Order Places Significance On A Fact That The Instant Case Is Primarily Based On The Americans With Disabilities Act of 1990 And Thus Disregards ERISA Statutes.**

The fact that the matters of the instant case are primarily to resolve matters under the Americans with Disabilities Act of 1990, 42 U. S. C. § 12101, et. seq., does not in any way diminish plaintiffs protections and rights under ERISA. The Americans with Disabilities Act of 1990, (ADA), Section 501, 42 U.S.C. § 12201 states in (b), Relationship to Other Laws, "Nothing in this Act shall be construed to invalidate or limit the remedies, rights, and procedures of any Federal law". See Plaintiffs Motion to Compel Discovery, Document 27, page 3, ¶ 3, and page 4, ¶ 1; See also Document 38, plaintiffs Supplemental Memorandum, page 2, ¶ 3. (quoting Serapion v. Martinez, 119 F.3d 982, 985 (1st Cir. 1997) ("We regard Title VII, ADEA, ERISA, and FLSA as standing in pari passu and endorse the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another."). As a Plan Participant requesting Plan information, plaintiff, must look to the NFA Corp. for accurate and complete Plan information "and not to any other person"; Curtiss Wright v. Schoonejongen, 514 U.S., 73 at 79 (1995) (Holding that the "administrative procedure"

intended by Congress in ERISA was that once an administrator is "named" in plan documents, participants must look only to the administrator for plan information "and not to any third-party trustee, and not to any of the other kinds of outside parties"). A Plan administrator has a special duty to offer "complete and accurate" disclosures about provisions that are "confusing" or "likely to be misunderstood." Harte v. Bethlehem Steel, 214 F.3d 446, at 448 and 452-3 (3d Cir. 2000).

**B. Even If A Judgment Was Made Final In Femino I On All Plan Provisions, NFA Is Not Immunized Under The Doctrine Of Res Judicata From Mistakes Or Misrepresentations.**

The Doctrine of Res Judicata cannot immunize NFA from mistakes or misrepresentations. NFA as the named Plan administrator has fiduciary duties in disclosure of Plan information. See Pegram v. Herdrich, U.S., 120 S. Ct. 2143, 2151 (2000) (Holding a fiduciary is "someone acting in the capacity of a manager, administrator, or financial advisor to a plan"). See also ERISA § 3(21); 29 U.S.C. § 1003(21). A "fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance, even when a beneficiary has not specifically asked for the information" Farr v. U.S. West, 151 F.3d 908, 913 (9th Cir. 1998), cert. denied U.S., 120 S. Ct. 935 (2000). A Plan fiduciary must employ "care, skill, prudence, and diligence" in the duties of Plan administration Beddal v. State Street Bank and Trust Company, supra, 137 F. 3d 12 at 18 (quoting 29 U.S.C. § 1104(a)(1)(B)). (See plaintiffs Response in Opposition, document 29, page 2, ¶ 2).

The Court should grant relief from prior judgments under Fed. R. of Civ. Proc. 60(b) "where exceptional circumstances justifying extraordinary relief exist." Ahmed v.

Rosenblatt, 118 F.3d 886 at 891 (1st Cir. 1997). Exceptional circumstances exist where NFA has not at any time since 2004 located for plaintiff the Plans "insurance contract" at the office of the Plan administrator. NFA as the Plan administrator should not be allowed to withhold clearly identified plan documents, and then subsequently be granted protections under the doctrine of res judicata to not answer a single question about how the Plan identifies such documents. This would be inconsistent with the intent of ERISA which is "to protect contractually defined benefits," Massachusetts Mutual Life Ins. Co. v. Russell, 473 US 134 at 153 (1985). The plain meaning of a statute's text must be given effect "unless it would produce an absurd result or one manifestly at odds with the statute's intended effect." Parisi by Cooney v. Chater, 69 F.3d 614, 617 (1st Cir. 1995).

**CONCLUSION**

For the reasons set forth herein, plaintiff respectfully requests that this Court reverse Magistrate Judge Almonds April 3, 2007 Order and award such other and further relief as the Court deems appropriate.

Dated: April 16, 2007

Respectfully submitted

Lorraine Femino, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 16th day of April, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933