**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **C.A. 06-143ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

## PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

Plaintiff Lorraine Femino hereby moves for summary judgment on all claims contained in Plaintiffs Complaint. In support of this motion, plaintiff relies upon its Local Rule Cv 56 Statement of Undisputed Facts, the Memorandum of Law in Support of Motion For Summary Judgment, Plaintiff Lorraine Femino Sworn Affidavit dated April 20, 2007, and the evidentiary material attached thereto.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| | : | |
| | : | |
| | : | |
| **VS.** | : | |
| | : | **C.A. 06-143ML** |
| | : | |
| | : | |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**MEMORANDUM OF LAW IN SUPPORT MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

Plaintiffs motion for summary judgment ("Motion") requests that the Court enforce NFA Corps. obligation to pay promised fringe benefits to plaintiff denied because of alleged discriminatory policies in the "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (hereafter "Plan"). The Plan requires that to obtain Plan benefits, claimants must meet seven requisite criteria. Plaintiff alleges that the Plan violates the equal access provisions of the Americans with Disabilities Act of 1990 42 U. S. C. § 12101, et. seq., (hereafter " ADA") to the full enjoyment of a fringe benefit of employment by classifying which disabilities are allowed to submit all requisite Proof of Claim criteria required by the Plan after 24 months. Plaintiff alleges that within the meaning of the ADA, arbitrary barriers to the submission of all requisite Proof of Claim criteria are arbitrary tests of medical evidence which have the impact of limiting the full enjoyment of a fringe benefit of employment for persons with

certain disabilities and thus in violation of the Title I of the ADA. This case presents an aspect of the ADA as to whether or not an employee disability fringe benefit plan can establish requisite "Proof of Claim" criteria within the Plan to obtain benefits, and then establish arbitrary standards limiting the ability of a participant to submit the requisite Proof of Claim criteria. Reasonable accommodation of the Plan to admit reliable medical evidence into plaintiffs disability review at the 24 month point is to provide reasonable examination of all reliable medical evidence in the possession of the Plan Provider in a combined disability review and in accordance with expressed written terms of the Plan.

## II. BACKGROUND

Plaintiff was paid disability benefits from the Plan for a specific stand alone disability of Carpal Tunnel Syndrome between December 2001 and September 2002. Benefits were terminated in September 2002, and upon appeal, reestablished based on the sole determination of a diagnosis of Fibromyalgia. On November 18, 2003, 24 months after the first approval of Plan benefits, plaintiffs claim was terminated at the 24 month point of total payments. Plaintiff did appeal the termination requesting that Prudential examine all medical evidence in file pertaining to CTS and Fibromyalgia which Prudential acknowledged as being plaintiffs prior medial impairments. Prudential would not complete a combined review of all medical evidence stating that evidence for Fibromyalgia was classified as not being "objective" at the 24 month point.

Plaintiff argues that the classification of reliable medical evidence as not being "objective" was done without proper standards accepted in the practice of medicine and thus became an arbitrary test and barrier to meet requisite Proof of Claim criteria which must be provided to obtain Plan benefits.

## III. PERTINENT FACTS

Plaintiff is a prior employee of NFA Corporation d/b/a Hope Global. (Plaintiff Lorraine Femino's Local Rule Cv 56 Statement of Undisputed Material Facts (hereafter "Facts") ¶ 1) The Plan is a fringe benefit of employment providing disability protections to NFA Corp. employees and defined under Employee Retirement Income Security Act, 29 U. S. C. § 1001, et. seq. (hereafter " ERISA") (Facts ¶ 2). Plaintiff remains a Plan participant in the Plan. (Facts ¶ 3). NFA Corporation is the Plan Administrator for the Plan. (Facts ¶ 4). The Plan establishes that an employee must show seven requisite criteria to fully enjoy and obtain fringe benefits from the Plan which are identified in Exhibit H, page 23, at 1-7. (Facts ¶ 5)

Prior to November 18, 2003, Prudential Insurance Company of America, the Plan Provider (hereafter "Prudential") did recognize plaintiffs total disability based on a diagnosis of Fibromyalgia submitted by plaintiffs doctors. (Facts ¶ 6) Prudential did recognize a total disability for plaintiff due to Carpal Tunnel Syndrome (hereafter "CTS") between December 2001 and September 2002 (Facts ¶ 7). Exhibit H is a document given to plaintiff by the Plan Administrator, NFA Corporation where NFA has represented Exhibit H as having all Plan provisions known to NFA Corporation. (Facts ¶ 8). The Plan contains an expressed written policy that self-reported-symptoms means "the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine". (Facts ¶ 9). Specific criteria or standards "for procedures and clinical examinations standardly accepted in the practice of medicine" are not expressly written in Plan language. (Facts ¶ 10). Following April 2003, Prudential did send to plaintiff a notice stating that plaintiffs claim for benefits is "being paid solely on your impairment and

diagnosis of Fibromyalgia". (Facts ¶ 11). Plaintiffs claim for benefits based on Fibromyalgia was terminated on November 18 2003, based on the medical evidence in file pertaining to fibromyalgia becoming "not objective" at the 24th month. (Facts ¶ 12). Plaintiffs appeal to the November 18, 2003 termination of benefits was denied in a notice sent by Prudential dated March 1, 2004. (Facts ¶ 13)

## III. LEGAL STANDARD

The Civil Rules authorize federal courts to grant summary judgment only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

When the summary judgment record is compiled the trial court must scrutinize it "in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor," Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). Summary judgment is only appropriate if "the record discloses no trial worthy issue of material fact and the moving party is entitled to judgment as a matter of law." Alexis v. McDonald's Rests. Inc., 67 F.3d 341, 346 (1st Cir. 1995). The Court must disregard "conclusory allegations, improbable inferences, and unsupported speculation," Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990); Smith v. F.W. Morse & Co., 76 F.3d 413, 428 (1st Cir. 1996).

## IV. ARGUMENT

## I. THE PLAN VIOLATES THE EQUAL ACCESS PROVISION OF THE ADA BY ERECTING ARBITRARY BARRIERS TO EMPLOYEES WITH CERTAIN DISABILITIES IN ESTABLISHING REQUISITE PROOF OF CLAIM CRITERIA

### A. Plaintiff is a qualified individual being a former employee of NFA Corp. with a disability and Plan participant.

Plaintiff is a former employee of NFA Corp. and plan participant of the Plan and a qualified disabled person within the meaning of the ADA. (Facts, ¶¶ 1, 3, 14) Title I of the ADA allows "disabled former employees to sue their former employers regarding their disability benefits so as to effectuate the full panoply of rights guaranteed by the ADA". Ford v Schering-Plough Corp., 145 F.3d 601, 607 (3d Cir. 1998).

The Supreme Court made clear that the term "employees," as used in Title VII, includes former employees. See Robinson v. Shell Oil Co., 519 U.S. 337 (1997) ("the term "employees," as used in § 704(a) of Title VII, includes former employees"). See also Passer v. American Chem. Soc'y, 935 F.2d 322, 330-31 (D.C. Cir. 1991) (term "employees" in Age Discrimination in Employment Act (ADEA) includes former employees).

"The ADA directs…the same enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964 when enforcing the ADA's prohibitions against employment discrimination on the basis of disability". EEOC v. Waffle House, Inc., 534 U.S. 279 (2002). See also Serapion v. Martinez, 119 F.3d 982, 985 (1st Cir. 1997) ("We regard Title VII, ADEA, ERISA, and FLSA as standing in pari passu and endorse the practice of treating judicial precedents interpreting one such statute as instructive in decisions involving another.").

For purposes of the ADA, a person is disabled if he or she has a physical or mental impairment that substantially limits one or more of his or her major life activities. See Pack v. Kmart Corp., 166 F.3d 1300, 1304 (10th Cir. 1999). See also 42 U.S.C. § 12102(2)

The ADA defines "disability" with respect to an individual as (1) A physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) A record of such an impairment; or (3) Being regarded as having such an impairment. See 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).

Plaintiffs concurrent disabilities substantially limit plaintiff in the major life activity of working where plaintiff is severely limited in use of hands (Exhibit G, Plaintiffs, December 31, 2003 letter requesting appeal to denial of benefits, page 1, ¶ 4). The ADA requires that the terms “substantially limits” must include “the nature and severity of the impairment” See 29 C.F.R. § 1630.2(j)(2)(i). With respect to working “the term “substantially limits” means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities”. See Siemon v. AT&T Corp., 117 F.3d 1173, 1176 (10th Cir. 1997) (Quoting 29 C.F.R. § 1630.2(j)(3)(i)).

**B. NFA is the proper covered entity under the ADA in this matter.**

NFA Corp. is plaintiffs previous employer and thus a covered entity within the meaning of 42 U.S.C. 12111(2) where “[c]overed entity is defined as an employer…” Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n, 37 F.3d 12, 16 (1st Cir. 1994) (quoting 42 U.S.C. § 12111(2)).

The Plan is a fringe benefit of employment for employees of NFA Corp. (Facts ¶ 2) Under Title I of the ADA, 42 U.S.C. § 12112(a), "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to …employee compensation, job training, and other terms, conditions, and privileges of employment". It is "unlawful for a covered entity to discriminate on the basis of disability in regard to, among other things fringe benefits, available by virtue of employment whether or not administered by the covered entity" Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n, supra, 37 F.3d 12 at16. See also 29 C.F.R. § 1630.4(f). The fact that NFA Corp did provide the fringe benefit for all employees through Prudential does not relieve NFA Corp. from ultimate responsibility of the Plan. "It is unlawful for a covered entity to participate in a contractual or other arrangement or relationship that has the effect of subjecting the covered entity's own qualified applicant or employee with a disability to the discrimination prohibited by this part". 29 C.F.R. § 1630.6(a). "The phrase contractual or other arrangement or relationship includes, but is not limited to, a relationship with …an organization providing fringe benefits to an employee of the covered entity…" 29 C.F.R. § 1630.6(b). See also H.R. Rep. No. 485 (II) 101st Cong., 2d Sess. 59-60 (1990) (" `entity may not do through a contractual provision what it may not do directly").

"Under 102(a) of the ADA, an employer may not discriminate against a qualified individual with a disability in regard to specified enumerated aspects of employment" Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n, supra, 37 F.3d 12, 16

**C. For claims to Long Term Disability benefits beyond 24 months, the Plan has in place arbitrary barriers denying equal access to the submission of all requisite "proof of claim" criteria.**

In order to have access to the full enjoyment of Plan benefits, the Plan requires that participants "must show" seven requisite Proof of Claim criteria. (Exhibit H, page 23, at "Proof of Claim", 1 - 7). Three pertinent "Proof of Claim" criteria, as stated in Exhibit H, page 23 are that a participant "must show"; (1) That you are under the regular care of a doctor; (4) Appropriate documentation of the disabling disorder; (5) The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

Throughout plaintiffs claim for benefits between 2002 until 2004, plaintiff did regularly request that Prudential consider all medical evidence in file to determine a total impairment based on concurrent illnesses of CTS and Fibromyalgia. Plaintiff did submit "appropriate documentation of the disabling disorder" for both medical impairments. See e.g Exhibit C, Notice of Denial page 2 ¶ 5-7) (Prudential's reply to plaintiffs request for a combined review being "You request in your February 4, 2004 letter that we consider the combined symptoms of Fibromyalgia and CTS in our review of your appeal for LTD benefits").

In Prudentials ruling on plaintiffs appeal, Prudential did recognize the fact that "Fibromyalgia…may be complicating the pain experience from your Carpal Tunnel Syndrome…" (See Exhibit C, Notice of Denial page 3 ¶ 2). In determining the ruling on plaintiffs total impairment, Prudential concluded " …a decision beyond [November 18, 2003] must be made on the objective evidence in file". (See Exhibit C, Notice of Denial page 3 ¶ 2) Plaintiffs claim was approved in April 2003 for a specific "diagnosis of fibromyalgia". (See

Exhibit A, Notice, at "Information regarding your claim" page 2 ¶ 2). Plaintiff was diagnosed by attending doctors specializing in Rheumatology and Fibromyalgia (Exhibit B, Notice of Denial, page 5, ¶¶ 2-4). Plaintiffs condition was worsening where "[r]ecent EMG of December 2, 2003 showed some worsening of CTS…" (Exhibit C, Notice of Denial page 2 ¶ 9). As stated on Prudential March 1 2004 denial of appeal notice ""We recognize that you may be experiencing continued pain related to Fibromyalgia…". (Exhibit C, Notice of Denial page 2 ¶ 5-7).

Prudential did not credit the "appropriate documentation of the disabling disorder" for fibromyalgia as it impacts CTS in plaintiffs appeal following the November 18, 2003 termination of benefits in spite of knowing of the elevated impairment from the dual illness. The plan has no specific criteria or standards "for procedures and clinical examinations standardly accepted in the practice of medicine" written in Exhibit H (Facts 10). Exclusion of reliable medical evidence from a disability review amounts to an arbitrary test of the medical evidence for the purpose of excluding such medical evidence from disability reviews based on a specific disability thus reducing benefits for employees with certain disabilities.

The Supreme Court did clarify a claimants rights to "recovery in "disparate-impact" cases comparable to Griggs [v. Duke Power Co., 401 U.S. 424, (1971)]. See Smith v. City of Jackson 544 U.S. 228 (2005). In Griggs v. Duke Power Co., 401 U.S. 424, 432-33 (1971), a Title VII case, the Supreme Court first described disparate impact theory in 1971: Title VII, which describes discrimination based on minority status, "proscribes not only overt discrimination, but also practices that are fair in form, but discriminatory in operation.. . . [G]ood intent or absence of discriminatory intent does not redeem employment procedures or testing mechanisms that operate as 'built-in headwinds' for minority groups and are unrelated to measuring job capability.

In Smith v. City of Jackson, supra, 544 U.S. 228, an age discrimination case, the Supreme Court held that in discrimination cases other than Title VII, a claimant can bring an action under a claim of disparate impact where the claim is "comparable" to Griggs. In writing the ADA, Congress did intend to provide rights "parallel to those available to minorities". H.R. Rep. No. 101-485, pt. 3, at 48 (1990).

Reliable medical evidence arbitrarily excluded from disability reviews using arbitrary tests of such medical evidence violates 42 U.S.C. § 12112(b)(3) which defines the term discriminate to include "utilizing standards, criteria, or methods of administration…(A) that have the effect of discrimination on the basis of disability".

On September 20, 2004, plaintiff did have a discussion with Prudential Claims representative Damon Crawford pertaining to the specific medical evidence Prudential used to determine plaintiffs medical impairment from Fibromyalgia. "Damon Crawford who is a representative admitted verbally to me that there is no medical evidence, ever at any time was it credited into any review" (NFA Deposition of Lorraine Femino, January 26, 2007, page 10, at 8-11)

The Supreme Court has examined the matter of inclusion of medical evidence in disability reviews and held "Plan administrators, of course, may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a treating physician." Black & Decker Disability Plan v. Nord 538 U.S. 822, 823 (2003)

**3. Analysis and remedies**

The evidence of plaintiffs case shows that Prudential recognizes an elevated impairment from plaintiffs combined CTS and Fibromayalgia, as compared to just the impairment of CTS examined alone. Prudential refuses to examine plaintiffs actual medical impairment by examining all medical evidence choosing instead to contrive a claim file.

Title I of the ADA, 42 U.S.C. § 12112(a), states "No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to …employee compensation, job training, and other terms, conditions, and privileges of employment" Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n, 37 F.3d 12, 15-16 (1st Cir. 1994). By establishing arbitrary barriers to an employees ability to submit all requirements of Proof of Claim, NFA Corp arbitrarily operates the Plan in a manner that limits the full enjoyment of Plan benefits for employees based on disability.

The Court must rule that the Plan violates the ADA by applying arbitrary tests to reliable medical evidence which caused plaintiffs benefits to be improperly terminated.

## Conclusion

For the foregoing reasons, plaintiff respectfully requests the Court enter an Order granting plaintiffs motion for summary judgment on all points.

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 21th day of April, 2007 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933