**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **LORRAINE FEMINO** | : | |
| **VS.** | : | **Civil Action No. 06-143ML** |
| **NFA CORPORATION d/b/a HOPE GLOBAL, et al.** | : | |

**PLAINTIFFS LOCAL RULE CV 56 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule Cv 56, Plaintiff Lorraine Femino submits this Statement of Material Undisputed Facts in connection with its Motion in Opposition to Defendants Motion for Summary Judgment. The matters set forth herein are acknowledged as true for purposes of the present motion only.

1. Plaintiff is a prior employee of NFA Corporation d/b/a Hope Global.

2. The "NFA Corporation Employee Long Term Disability Coverage for all Employees" plan (hereafter "Plan") is a fringe benefit of employment providing disability protections to NFA Corp. employees and defined under Employee Retirement Income Security Act, 29 U. S. C. § 1001, et. seq..

3. Plaintiff remains a Plan participant in the Plan.

4. NFA Corporation is the Plan Administrator for the Plan.

5. The Plan establishes that a participant must show seven requisite criteria to fully enjoy and obtain all fringe benefits from the Plan where the seven requisite criteria are identified in Exhibit H, page 23, at 1-7.

6. Prior to November 18, 2003, Prudential Insurance Company of America, the Plan Provider (hereafter "Prudential") did recognize plaintiffs total disability based on diagnosis of Fibromyalgia submitted by plaintiffs doctors.

7. Prudential did recognize a total disability for plaintiff due to Carpal Tunnel Syndrome (hereafter "CTS") between December 2001 and September 2002.

8. Exhibit H is a document given to plaintiff by the Plan Administrator NFA Corporation where NFA has represented Exhibit H as having all Plan provisions known to NFA Corporation.

9. The Plan contains an expressed written policy that self-reported symptoms means "the manifestations of your condition, which you tell your doctor, that are not verifiable using tests, procedures and clinical examinations standardly accepted in the practice of medicine".

10. Specific criteria or standards "for procedures and clinical examinations standardly accepted in the practice of medicine" are not expressly written in Exhibit H.

11. Following April 2003, Prudential did send to plaintiff a notice stating that plaintiffs claim for benefits was "being paid solely on your impairment and diagnosis of Fibromyalgia".

12. Plaintiffs claim for benefits based on Fibromyalgia was terminated on November 18 2003, based on the medical evidence in file pertaining to fibromyalgia becoming "not objective" at the 24th month.

13. Plaintiffs appeal to the November 18, 2003 termination of benefits was denied in a notice sent by Prudential dated March 1, 2004.

14. Plaintiff remains disabled in accordance with 42 U.S.C. § 12102(2) (See Sworn Affidavit, Plaintiff Lorraine Femino Motion for Summary Judgment, CA 06-143, ¶ 10)

Date: April 20, 2007

Respectfully submitted

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401)-949-4933

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served by United States Postal Mail, postage prepaid on this 30th day of April, 2006 to:

William E. O'Gara, Counsel for Defendants
One Financial Plaza, Suite 1800
Providence, RI 02903

Lorraine Femino

Lorraine Femino, Plaintiff, Pro Se
4 Bayou Drive
Greenville, R.I. 02828
(401) 949-4933