UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LORRAINE FEMINO, Plaintiff, | : | |
| vs. | : | C.A. No. 06-0143ML |
| NFA CORPORATION d/b/a/ HOPE GLOBAL; NFA CORPORATION, Defendants. | : | |

DEPOSITION OF LORRAINE FEMINO, the Plaintiff in the above-entitled cause, taken on behalf of the Defendants, before Melanie M. Chace, RPR, Notary Public in and for the State of Rhode Island at the offices of PANNONE LOPES & DEVEREAUX, LLP, 1800 Financial Plaza, Providence, Rhode Island, on January 26, 2007, at 10:00 a.m.

PRESENT:

FOR THE DEFENDANTS.........PANNONE LOPES & DEVEREAUX, LLP
BY: WILLIAM E. O'GARA, Esq.

ALSO PRESENT: MATTHEW JILL

EXHIBIT D

INDEX

WITNESS PAGE
LORRAINE FEMINO
EXAMINATION BY MR. O'GARA.................... 3

(REPORTER'S NOTE: No exhibits were offered at this deposition)

A. I was told by one of the representatives at Prudential that my medical evidence was not included. I mentioned, I told Hope about it, and they just said, well, that's the way the plan is.

Q. When, approximately, was that? Was that back in the 2001/2002 time frame?

A. I made a graph. September 8th of 2004 is when I filed the EEOC complaint; October of 2004, Damond Crawford, who is a representative, admitted verbally to me that there is no medical evidence ever, at any time was it credited in any review. And then I started my letter writings, and I included NFA, and I never received any response.

Q. The gentleman that you spoke to, the gentleman that you just referenced, this Damond Crawford, that was, to your knowledge, an employee at Prudential?

A. Yes.

Q. And the claims asserted in the second action under -- strike that. The ERISA claims asserted in the second action relate in part to your contention that the information relative to your claims have not been handled or processed correctly; is that true?

A. I believe that, yes.

Q. When you filed the first action back in January of 2005, you did not include those claims?