UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LORRAINE FEMINO

v. C.A. No. 06-143ML

NFA CORPORATION

**Memorandum and Order**

This matter is before the Court on the recommendation of United States Magistrate Judge Lincoln D. Almond that NFA Corporation's ("Defendant") motion for attorneys' fees be denied but that the Court enjoin Lorraine Femino ("Plaintiff") from commencing any further actions in this District against Defendant, and/or its current or former agents or employees, without first obtaining the prior approval of this Court. For the reasons set forth below, this Court adopts the Magistrate Judge's factual findings but declines to follow the Magistrate Judge's recommendation that this Court enjoin Plaintiff from making future filings against this Defendant. Instead, the Court issues a stern warning to Plaintiff. The Court adopts the Magistrate Judge's recommendation that Defendant's claim for counsel fees be denied.

Plaintiff has filed three separate lawsuits against Defendant in this Court, all arising from the same common nucleus of facts. Plaintiff's lawsuits could have been commenced in a single unified action. Plaintiff has also indicated to the Court that she may bring additional claims against Defendant. The Court is well aware of Plaintiff's history and pattern of multitudinous filings. See e.g., Femino v. NFA Corp., No. C.A. 05-019ML, 2006 WL 1997626 at *1 n.2. (D.R.I. July 17, 2006). Among Plaintiff's litigation tactics is a history of filing reflexive motions for reconsideration of a decision contrary to her position. See id. Plaintiff has now taken her

"'motion for reconsideration' strategy[,]" see id. at *3, to a new level; filing entirely new actions when she receives an adverse ruling. Plaintiff's litigious activities implicate the Court's "inherent power to impose sanctions for abuse of the judicial system." Azubuko v. MBNA America Bank, 396 F. Supp. 2d 1, 7 (D. Mass. 2005), aff'd, 179 F. App'x 66 (1st Cir. 2006), cert. dismissed, 127 S. Ct. 983 (2007).

The Magistrate Judge and this Court have shown great restraint and patience in dealing with Plaintiff because of her pro se status. Plaintiff's actions, however, have caused Defendant to incur substantial unnecessary and wasteful litigation expenses. If Plaintiff is dissatisfied with a decision of the Court, the proper course of action is an appeal to the First Circuit Court of Appeals and not to file yet another lawsuit against the same Defendant which arises from the same set of operative facts of a prior lawsuit or lawsuits.

The Court now gives Plaintiff a final clear and unequivocal warning: If Plaintiff chooses to file yet another lawsuit in this District or any other District against this Defendant, and/or a current or former employee or agent of Defendant, arising from the same set of operative facts of her prior lawsuit or lawsuits, the Court will exercise its powers to sanction Plaintiff, including but not limited to, the Court's power to impose monetary sanctions and/or summary dismissal of any such lawsuit. See e.g., Azubuko, 396 F. Supp. 2d 1; Fed. R. Civ. P. 11; 28 U.S.C. § 1915 (e)(2)(B)(i).

SO ORDERED.

Mary M. Lisi

Mary M. Lisi
Chief United States District Judge
June 29, 2007